JAMES F. DEUPREE *et al.*, executors, plaintiffs in error, *vs.*
LUCY Y. DEUPREE *et al.*, caveators, defendants in error.

(McCay, Justice, did not preside upon the hearing of the following
motion.)

1. Where one of the executors of a will to which a caveat has been filed
   married the sister of the wife of one of the Judges of the Supreme
   Court, said Judge is not disqualified from presiding by reason of rela-
   tionship by affinity to said executor, upon the trial of said cause before
   the Supreme Court.   (R.)
2. The executor having renounced in writing as executor of the will to
   the Ordinary, which renunciation had been entered of record before
   qualification as executor and during the pendency of a caveat to the
   probate of said will, such renunciation was binding on the executor, and
   the Ordinary was the proper officer to determine whether he had any of
   the assets of the estate in his hands, not accounted for at the time of
   such renunciation.   (R.)
3. The legal presumption is, that the Ordinary performed his duty in
   regard to the protection of the assets of the estate before accepting
   the renunciation of one of the executors nominated in the will.   (R.)

Relationship to disqualify Judge.   Renunciation by exe-
cutor.   Before the Supreme Court of Georgia.   January
Term, 1872.

When this case was called in the Supreme Court, counsel
for plaintiffs in error objected to Justice McCay's refusing to
preside, on the ground that Thomas B. Moss, executor, one of
the plaintiffs in error, had married the sister of his wife, and
tendered to the Court the renunciation of said Moss of the
trust conferred upon him by his appointment as executor,
duly certified to by the Ordinary of Oglethorpe county.
The Court, after taking the matter under consideration, ren-
dered the following decision.

LINTON STEPHENS; PEOPLES & STEWART; REED &
MORTON, for the objection.

ROBERT TOOMBS; J. D. MATTHEWS, *contra.*

Deupree *et al. vs.* Deupree *et al.*

WARNER, Chief Justice.

When it appeared that Moss, one of the executors of Deupree, married the sister of the wife of Judge McCay : *Held*, that the Judge was not related to Moss by affinity, so as to prevent him from presiding in the case, under the provisions of the 193d section of the Code. *Held, also,* that Moss having renounced as executor of the will, to the Ordinary, in writing, which renunciation had been entered on his records, before qualification as executor, and during the pendency of a *caveat* against the probate of the will, that such renunciation was binding on the executor, and that the Ordinary was the proper officer to determine whether he had any of the assets of the estate in his hands not accounted for at the time of his renunciation, it being the legal presumption that the Ordinary performed his duty in regard to that matter, for the protection of the estate, before accepting his renunciation as one of the nominated executors of the will.