Hall, J.
3. In an action of ejectment one of the plaintiff’s lessors ■died pending the suit, leaving surviving him a widow and one.child 'by a former marriage, and also leaving a will in which the widow and •others were appointed his executors. The will was probated, and the executors named qualified and became parties to the suit in lieu of their testator. Before the case came on for trial the widow died, she having previously received all of the estate of her husband to which she was entitled. After her death the suit proceeded in the name of the surviving executors.. The presiding judge had. been related to the widow within the fourth degree of consanguinity, and to her husband in the same degree of affinity. He was elected judge after the death of both the husband and wife, and at the time of the trial he bore no such relation to any one having any interest in the subject matter of the •suit or in the testator’s estate.
Held, that the judge was competent to preside on the trial of the -case. Code §205; 45 Ga., 414; 53 Id., 584; 47 Id., 230, 248; Coke on Littleton 156 (a); 1 Leonard, 88 ; 7 Cowen, 478; 1 Denio, 25,186; 77 X. Y., 101; 12 Conn., 87, 93; 1 Bl. Com , 437.
2. Where, in an ejectment case, both parties claimed under a common grantor, and the deed to him and also one of the deeds purporting to be made by him, under which the defendant claimed, were lost, and counsel agreed-in writing that copy deeds from the records might be used in lieu of the originals, “ without exhibiting the primary evidence or accounting for it,” such agreement merely dispensed with the necessity for laying the foundation for the introduction of secondary evidence, but did not estop the plaintiff from attacking as a forgery the deed under which the defendant claimed in the manner prescribed by .§2712 of the Code. Code §3753.
3. It is doubtful whether the deed in question could be considered as an ancient document in a legal sense, and it is certain that a copy of such a document cannot be used to establish its age and the presumption of its proper execution arising therefrom. 14 Ga., 185; 13 Id., 515.
(a.) An ancient deed may be attacked like any other deed for forgery. 42 Ga., 623; 58 Id., 587.
4. Where a deed which was attacked as a forgery purported to have -been attested by a witness who signed as a justice of the peace, and from certified copies of the records in the Executive Office of the State *104 it was shown that such person did not hold a commission as justice of the peace at the date of the alleged attestation, nor until some time thereafter, such proof, if unrebutted, would have been conclusive as to-the forgery. A charge of the court that the jury might consider how far the inference arising from the records was rebutted by parol testimony going to show that the person who attested the deed acted as a. justice, and if not a de jure, was at least a defacto justice, at that time, and if a defacto justice only, still his acts might be valid, and if such-facts had been shown to them, they were circumstances that they might'regard in considering the question at issue, was more favorable to the defendant than he had any right to expect; and a request to charge still more favorably was properly refused. 5 Ga„ 6, 10, 12; BO Id., 619; 60 Id., 482. ,
W. A. Little ; W. C. Worrill; J. L. Wimberly & ben ; T. D. High.-» tower, for plaintiff in error,
W. D. Kiddoo, for defendants.
5. The charge, as a whole, was fair and comprehensive, and the-verdict is supported by the evidence.
Judgment affirmed.