CLARA DENNARD v. S. F. JORDAN, ADMINISTRATOR.

Delivered October 29, 1896.

Disqualification of Judge—Administrator as Party to Suit.
    A judge is disqualified to sit in a case when he is related to a party within the third degree, though he be a party only as administrator.

APPEAL from Shelby. Tried below before Hon. JOSEPH T. POLLEY.

*Drury Field*, for appellant.

[No brief for appellee reached the Reporter.]

WILLIAMS, ASSOCIATE JUSTICE.—This proceeding originated in the County Court in the administration of the estate of J. N. Dennard, deceased, by an application of appellant, the only surviving constituent of the family of the decedent, to have set aside to her the residence homestead and place of business of the deceased, and an allowance in lieu of other exempt property not on hand. The County Court set aside the residence, the property claimed as the place of business, and an allowance of $500. The administrator appealed to the District Court, where the judgment now appealed from was rendered, setting aside the residence and an allowance in money of $100, but refusing to set aside the other property on the ground that it was not the place of business of the deceased, but had been abandoned as such before his death.

Appellant, in the District Court, objected to trying the case before the judge, on the ground that he was first cousin of the administrator and hence disqualified to sit in the case. The fact of relationship was admitted, but the judge held that it did not disqualify him, as the administrator was acting only in a fiduciary capacity. This ruling is assigned, and we think it was error. The Constitution provides that "no judge shall sit in any case * * * where either of the parties may be connected with him by affinity or consanguinity within such degree as may be prescribed by law." Article 5, sec. 11. The Legislature

has fixed the degree of kinship which shall disqualify at the third degree.　Sayles' Civ. Stats., art. 1090.

Appellee was related to the judge within that degree, and was a party to the cause.　There were but two parties before the court, one side of the controversy being represented by appellant, and the other by appellee as administrator.　The latter was a litigant in the full sense of the term. That he acted in a fiduciary capacity made him no less a party to the case. He was not merely a nominal party, but was the active litigant.　It may be doubted whether the absence of pecuniary interest in the controversy will prevent the disqualification declared by the Constitution and the statute to arise from relationship to one who is in fact a "party." The Constitution does not say "party in interest," but simply "party." It may be argued, with reason, that the mere fact that the relation of the judge was identified with the controversy as a party to the record, was deemed sufficient to work disqualification, whether his pecuniary interests are involved or not.　The language used supports such a view. If by construction a particular case is to be taken out of the operation of that language, by absence of interest of the party in the cause, the fact should, to say the least, be very clear.　The administrator was certainly interested in the size and value of the estate which he was to administer.　He had the right to hold and administer all property subject to administration, and the pecuniary value of the right, the compensation which he would be entitled to receive, depended upon the amount of the property.　He was consequently interested in a controversy the result of which might be to take from his control a portion of that property.　His success in this proceeding would have swelled the bulk of the property to be handled by him and applied to the payment of debts, and therefore would have increased his compensation.　If the judge was qualified to preside in this case, he would be as fully qualified to do so in a case, or a series of cases, which would take the whole estate out of the hands of the administrator and make his office an empty one.　Prendergast v. Beale, 59 Texas, 446; Deupree v. Deupree, 45 Ga., 414; In re Aldrich, 110 Mass., 190.

We hold, therefore, that the District Judge was disqualified, and the judgment for that reason should be reversed.　The contention of appellant that no appeal lay from the order of the County Court is not sustained.　Upon the agreed evidence found in the record, it was not error to refuse to set aside the business property.　There is no evidence from which we can determine whether the reduction of the allowance in money was proper or not.

*Reversed and remanded.*