JOHN J. REEVES v. STATE OF TEXAS EX REL. W. W. MASON ET AL.

No. 4156.    Decided December 20, 1924.

(267 S. W. 666.)

1.—Quo  Warranto—Officer—Misconduct—Removal—Judicial  Authority  for Suit.

The public policy settled by the mandatory provisions of article 6044, Revised Statutes, is that no public officer should be disturbed in his duties by suit to oust him from office for official misconduct unless such proceedings are begun with the express consent of the district judge by ordering citation against him on the petition for that purpose.    (Pp. 302, 303).

2.—Judge—Disqualification—Kinship to Party—Relator in Quo Warranto.

A relator bringing suit in the name of the State through its law officers for removal of a sheriff for official misconduct (Rev. Stats., arts. 6041-6044) was a party to the suit, liable at least for costs, within the meaning of article 5, section 7, of the Constitution.  Where the District Judge was of kin within the third degree to one of such relators, he was disqualified thereby from giving the consent to such proceeding required by article 6044 by ordering the citation thereon against defendant, that being an act involving judicial discretion, and all subsequent action had in such proceedng was nullfied by such disqualification for ordering the institution of it.    (Pp. 303, 304).

3.—Same—New Parties as Relators.

The judge being disqualified by his kinship to one of the relators in a quo warranto proceeding to remove a sheriff for official misconduct, the nullity of his action therein was not cured by an amendment which substituted for the original relators the district and county attorneys in lieu of the original parties and proceeding to trial and judgment without ordering and having citation against such defendant on the amended petition on which the judge was not disqualified from taking such action.  His disqualification to order the original citation also extended to his ordering dismissal of the original relators as parties.    (Pp. 303, 304).

4.—Disqualification of Judge—Waiver—Appearance.

Defendant did not waive objection to the disqualification of the judge to order citation against him by appearing and answering without first asserting such objection, where it was later made and due exceptions reserved.    (Pp. 304, 305).

5.—Removal from Office—Misconduct During Prior Term.

The sheriff holding office by election for a second term could not be removed for official misconduct while holding the office for a previous term. (P. 305).

6.—Same—Evidence.

It was error prejudicial to defendant, a sheriff found guilty of misconduct in office and removed therefrom for acts committed during both a previous and his present term, to admit testimony as to the former on the trial. Though the findings and proof sustained such removal for acts committed during the current term, the admission of evidence as to such acts during the previous term was erroneous, and was prejudicial to him on the issue of the misconduct during the present one. (P. 306).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Titus County.

On suit by the State on relation (by amendment) of the district and county attorneys, defendant Reeves was removed from the office of sheriff of Titus County, and appealed. The judgment was affirmed (258 S. W., 577) and appellant obtained writ of error.

*I. N. Williams, J. F. Wilkinson, Hiram Brown,* and *J. A. Ward,* for plaintiff in error.

The admission of illegal evidence over the timely objection of the opposing party is reversible error where there is a conflict in the legal evidence on a material issue and the admission of the illegal evidence is reasonably calculated to cause and probably did cause the rendition of a verdict on that issue that would probably not have been rendered but for the illegal evidence. Wichita Falls & W. Ry. Co. of Texas v. Asher, 171 S. W., 1114; Dunn v. Epperson, 175 S. W., 837; Britain v. Rice, 183 S. W., 84; Northern Texas Traction Co. v. Nicholson, 188 S. W., 1028; Howell v. West, 227 S. W., 251; Burrell Engineering & Const. Co. v. Grisier, 111 Texas, 477, 240 S. W., 899; Golden v. Odiorne, 112 Texas, 544, 249 S. W., 822; Lancaster v. Fitch, 112 Texas, 293, 246 S. W., 1015; Court of Civil Appeals rule, 62 A.

The relator in quo warranto proceedings is the real party and the state is the only nominal party, for the suit being brought in the name of the state, the nominal party, must be prosecuted by the County and District attorneys. Rev. Stats., art. 6041; Cole v. State, 163 S. W., 353; Pease v. State, 228 S. W., 269; McAllen v. Rhodes, 65 Texas, 348; Staples v. State, 112 Texas, 61, 245 S. W., 639; State v. Starnes, 246 S. W., 424.

Art. 6044 Rev. St. 1911 is mandatory and jurisdictional, and until the application is made to the court by the relators and the order made in accordance therewith the court is without legal authority to further proceed, and any further preceedings without said order are void. Art. 6044, Rev. St., 1911; Threatt v. Johnson, 156 S. W., 1137; Norton v. Alexander, 67 S. W., 787; Mercer v. Woods, 78 S. W., 15.

In quo warranto proceedings a judge who is disqualified to try the case on its merits has no jurisdiction or legal authority or power to make the order required by Art. 6044 Rev. St. 1911, directing the issue of citation; for the order required by said Art. is clearly an exercise of jurisdictional discretion, and no further proceeding can be had without such order being made and in term time of court spread upon the minutes of the court. State v. Burks, 82 Texas, 584, 18 S. W., 662.

A matter required by statute to be done and which is jurisdictional cannot be waived by a party, and a party should not be held to have waived that which he is objecting to merely because when his objections are overruled he then files his answer and urges his defense in the case.

*T. C. Hutchins,* District Attorney, *Sam Williams,* County Attorney. and *J. H. Beavers,* for defendant in error.

A cause of action having been brought in the name of The State of Texas by the County and District Attorneys, who were also resident citizens of the county, to remove the sheriff of that county from office on account of official misconduct is properly brought and gives jurisdiction to the District Court in said county without the joining of other citizens as relators; but if other citizens are joined as relators in the original cause of action they are not necessary parties, therefore, their names in and to the petition are and could be treated as superfluous, and a valid order could be passed by the court authorizing the filing of the petition and the issuance of citation thereon, irrespective of the appearance or non-appearance of the non-official relators; and there would be no error in the court permitting an amended petition to be filed after the issuance of citation, which amended petition did not include the citizens as relators, and the proceedings could be had upon the amended petition.

Any quo warranto proceeding to remove a county officer must be brought by the District Attorney or County Attorney in the name of the State of Texas, or upon the relation of such officer. City of Dallas v. Peacock, 89 Texas, 58, 33 S. W., 220; Thornburgh v. City of Tyler, 16 Texas Civ. App., 439, 43 S. W., 1054; City of Oak Cliff v. State, 97 Texas, 383, 79 S. W., 1068; Wolnitzek v. Lewis, 183 S. W., 819; City of Dallas v. Armour & Co., 216 S. W., 224.

The Legislature is forbidden by the Constitution of Texas to vest a private citizen with authority to prosecute a suit to remove an official from office, where such citizen is not claiming any right to hold the office, as such authority is vested exclusively in the County Attorney, District Attorney or Attorney General, by Article 5, Section 21, of the Constitution, as the effect of the Constitution is to make the State of Texas, and not a citizen, plaintiff in such case. State ex rel. Owens v. Starnes, 246 S. W., 424; State ex rel. Staples v. King 112 Texas, 61, 245 S. W., page 639.

An unnecessary party to the cause related to the court in the prohibited degree would not disqualify the court to order the issuance of citation. If the prohibited relationship existed between the court and the unnecessary party the filing of an amended petition, dropping from the suit such party, would terminate the disqualification

of the court, if any disqualfication did ever exist. Staples Sec. of State v. State ex rel, King, 112 Texas, 61, 245 S. W., 639; State ex rel Owens v. Starnes, County Judge, 246 S. W., 424.

The dropping of one plaintiff from a suit or the adding of another plaintiff, or the elimination of a defendant improperly joined, by filing an amendment to the petition, does not constitute a new cause of action or an abandonment of the original action, and additional service of process is not necessary. Pecos and N. T. Ry. Co., v. Porter, 156 S. W., 267; Missouri Pac. Ry. Co. v. Watson, 72 Texas, 631, 10 S. W., 731; Rabb v. Rogers, 67 Texas, 335, 3 S. W., 303; Baker v. Gulf C. & S. F. Ry. Co., 184 S. W., 257; Reed v. Coffey, 40 S. W., 1027.

In a quo warranto proceeding brought by the District and County Attorneys, residents of the County, if other citizens join as relators, without either claiming any right to the office, the joined relators would not have any direct or immediate interest, pecuniary or otherwise, in the suit, and if there existed a relationship between one of the relators and trial judge, the absence of the interest of the relator in the suit would prevent a disqualification of the trial judge, especially so, when an amended petition was filed, dropping from the suit the related relator and all cost of proceedings to that date paid, as no judgment could be rendered affecting the right of the relator, as he could not be benefitted or injured by any judgment thereafter rendered.

The interest which will disqualify a judge, must be direct and immediate, and not contingent and remote. Gerlach Mercantile Co., v. Hughes-Bozarth-Anderson Co., 189 S. W., 784; Patterson v. Seeton, 19 Texas Civ. App., 480, 47 S. W., 733; Hobbs v. Campbell, 79 Texas, 360, 15 S. W., 282; Comstock v. Lomax, 135 S. W., 185.

The issuance and service of a citation is a prerogative to compelling a defendant answering to a cause of action, but if answer is filed, after the service of an imperfect citation or without any citation being issued or served at all, the defendant is in court for all purposes. Vernon's Texas Civil Statutes, Art. 1882; City of Seymour v. Montgomery, 209 S. W., 237; Tyson v. First State Bank & Trust Co., 154 S. W., page 1055.

If the evidence offered conduces in any reasonable degree to establish the probability or improbability of the fact in controversy, it should go to the jury. Evidence upon a collateral issue may be relevant if the facts which it attempts to establish will tend to prove or disprove the fact in issue. Therefore, the court did not err in permitting the introduction of testimony as to acts of defendant in his first term of office on the issue as to his second term. The Citizens Nat'l Bank of Plainview v. Slaton, 189 S. W., 744; Raby v. Frank,

12 Texas Civ. App., 125, 34 S. W., 777; Quannah A. & P. Ry. Co.,
v. Bone, 208 S. W., 710; Posey v. Hanson, 196 S. W., 733; Day v.
Stone, 59 Texas, 612; Dwyer v. Bassett, 1 Texas Civ. App., 513,
21 S. W., 621.

Upon the trial of an officer in a quo warranto proceeding for
official misconduct, wherein he is charged with conspiring and agree-
ing with others to the violation of the prohibition law by protecting.
aiding and encouraging others to manufacture, sell and transport
intoxicating liquors in violation of the law, when he was sheriff of
said county, evidence of similiar acts, agreements and conspiracies
of the same kind, before his election and qualification to the term
of office, in which he was guilty of official misconduct, he having
succeeded himself, were admissible, because he was in fact and by
right the duly qualified sheriff at the time he committed the acts;
and, although said acts were committed by him as such officer, and
by virtue of his prior election and qualification, they were not con-
doned by his re-election. Breckenridge v. State, 11 S. W., 630;
Perry v. State, 98 S. W., 411; Hawkins v. Common Council, 158
N. W., 956.

Where an officer succeeds himself, he may be removed for official
misconduct during his preceding term. Brackenridge v. State, 27
Texas App., 513, 11 S. W., 630; Hawkins v. Common Council, 158
N. W., 956, 957; State v. Bourgeois, 45 La. Ann., 1350; State v.
Welsh, 109 Ia., 19; Tibbs v. Atlanta, 125 Ga., 18; State ex rel.
Douglass, Atty. Gen. v. Megaarden, 88 N. W., 412; Atty. Gen. v.
Tufts, 131 N. E., 573; State v. Hill, 55 N. W., 797; Territory v.
Sanches, 14 N. M., 493, 94 Pac., 954.

MR. JUSTICE PIERSON delivered the opinion of the court.

John J. Reeves was elected sheriff of Titus County in November,
1920, and duly qualified for that office on December 1, 1920. He
was elected to a second term in November, 1922, and duly qualified
for that term on January 8, 1923. On June 20, 1923, this proceeding,
in the nature of a quo warranto, was begun in the District Court of
Titus County, to remove from the office of sheriff the said John J.
Reeves for official misconduct in office. The petition was drawn
and filed in the name of the State of Texas by the district and county
attorneys on the relation of W. W. Mason, W. P. Traylor, and ten
others, under Title 98, Chapter 2, Revised Statutes. The petition
was presented to the Honorable R. T. Wilkinson, Judge of the 76th
Judicial District in Titus County, Texas, under the provisions of
Article 6044; whereupon he entered his order directing that citation
and certified copy of the petition be served on the defendant, John
J. Reeves, and set the case down for hearing on June 29, 1923 He

also entered an order suspending the defendant Reeves from the office of sheriff during the pendency of the proceeding. The defendant, John J. Reeves was duly served with citation and copy of petition, and on June 27th filed an answer, consisting of demurrers and denials. The case came on for trial on June 29th, but by agreement was passed until July 2d, and again by agreement was passed to July 3d. On this date the said John J. Reeves filed a motion in writing, calling attention to the fact that the District Judge, the Honorable R. T. Wilkinson, was related to W. P. Traylor, one of the relators plaintiff, within the third degree, and alleged that on account thereof the said judge was disqualified to try the case, and that all proceedings theretofore had were void and of no effect in law. The trial judge found it a fact that said W. P. Traylor, being his second cousin, was related to him within the third degree. Thereupon the Honorable T. C. Hutchings, District Attorney, and the Honorable Sam Williams, County Attorney, asked and obtained permission of the court to file an amended petition in the case in the name of the State of Texas by themselves as relators and as representatives of the State of Texas, and praying that all the original relators be dismissed from the case. The trial judge granted this motion, and dismissed the prior relators, including W. P. Traylor, from the case, and said relators paid up all costs accrued to that time. The defendant, John J. Reeves, duly excepted to said action, and the case proceeded to trial without any additional order having been entered by the trial judge permitting the proceedings to be instituted and ordering service of new citation and certified copy upon defendant Reeves. Under the allegations the court admitted testimony as to acts of official misconduct occurring in the first term of office, as well as in the second term of office, of the defendant. The defendant Reeves was duly convicted by the jury upon separate findings of acts of official misconduct in both terms of office, and judgment was entered permanently removing said Reeves from the office of sheriff of Titus County. This judgment was affirmed by the Honorable Court of Civil Appeals for the Sixth Supreme Judicial District. The Court of Civil Appeals held that the State of Texas only is a party plaintiff in the cause, and that relator Traylor and the other private relators, within the meaning of the law, could not be classed as parties to the cause, and that therefore the trial judge was not disqualified to hear the cause; but found further that if he was so disqualified on account of the relationship of W. P. Traylor, on account of his being named as a party and being liable for court costs. this objection was entirely removed by the subsequent proceedings in the cause, and that therefore the case properly proceeded to trial. It held further that John J. Reeves could not be ousted on testimony

of acts committed in his first term of office, but inasmuch as the jury on separate findings found him guilty of official misconduct during both his first and second terms, the judgment of ouster could be sustained, and that the admission of testimony of acts committed in his first term was harmless and without injury to him, because of the fact that the jury found him guilty of acts committed during his second term.

The judgment will have to be reversed, first, because there was no valid order entered by the trial judge authorizing the service of citation and certified copy of the petition upon the defendant, and second, because of the admission in evidence of acts committed during his first term of office.

If no valid order authorizing the suit to be filed was entered by the trial judge, no further action in the case could be had. If W. P. Traylor was a party to the suit, such as would disqualify the trial judge to hear the case on account of his relationship to him, then the original and only order authorizing service of citation, etc. to be had upon the defendant would be void, and all subsequent action taken in the case would also be void under Article 6044. This Article reads as follows:

"After the filing of such petition, the person or persons so filing the same shall make a written application to the district judge for an order for citation and a certified copy of the said petition to be served on the officer against whom the petition is filed, requiring him at a certain day named, which day shall be fixed by the judge, to appear and answer to the said petition; and until such order is granted and entered upon the minutes of the court (if application is made during term time) no action whatever shall be had thereon; and, if the judge shall refuse to issue the order so applied for, then the petition shall be dismissed at the cost of the relator, and no appeal or writ of error shall be allowed from such action of the judge."

If the judge was disqualified to try the case with W. P. Traylor as a party, on account of his relationship, then he was disqualified to enter the order permitting the complaint to be filed and ordering citation and certified copy of petition to be served on the defendant, and also to enter the order dismissing Traylor and the other relators from the suit and adjudging costs against them. If this be true, there was no case pending against John J. Reeves, no valid order ever having been entered as required by Article 6044, and all the proceedings in the case were void. This Article is mandatory, and is clear in its provisions. The Legislature fixed the public policy of the State in this regard that a public officer should not be disturbed in the discharge of his duties, and no suit to oust him from office for official misconduct could be filed and prosecuted, unless such pro-

ceedings are begun with the express consent of the District Judge. We have concluded that W. P. Traylor was such a party to the suit as to disqualify the trial judge from taking any action whatever in the case.

Article 6041 provides that the proceedings "may be commenced * * by first filing a petition * * by a citizen" who has resided for six months in the county, and who is not himself under indictment.

Article 6042 requires that the petition shall be sworn to by at least one of the parties filing it, and "the proceedings shall be conducted in the name of 'The State of Texas' upon the relation of the person filing the same."

Article 6044 provides that the person or persons filing the petition shall make application to the district judge for an order for citation, etc., and that until such order is granted and entered upon the minutes of the court, *"no action whatever shall be had thereon"*, and that if the judge shall refuse to issue such order, "then the petition shall be dismissed at the *cost of the relator,"* and that no appeal or writ of error should be allowed from such action.

While an action to oust a county officer for official misconduct is for the benefit of the public, and must be conducted in the name of the State of Texas and be represented by a county or district attorney, yet we think the permission given by these statutes to relators to act in these matters by and with the consent and under the direction of the authorized agents and representives of the State, and the resultant liability fixed upon such relators by the statutes, constitute them proper parties to the suit, and such parties as would affect the qualification of the trial judge to try the case.

Under the last named Article, W. P. Traylor, as a party relator, was interested in the case personally, at least to the extent of the costs of court, and this could not be adjudicated by his relative.

It would seem that the case of Collingsworth County v. Myers, 35 S. W., 414 (Court of Civil Appeals of Texas), is analagous. There it was held that a county judge who had wrongly been made a party, but who was in no sense a proper or necessary party, and could not be liable on the case or for costs, could not enter an order dismissing himself and the county commissioner from the suit, and could not enter any order whatever.

In the case of Dennard v. Jordan, 14 Texas Civ. App., 398, 37 S. W., 876, it was held that the Article of the statute which provides that the judge of a district court shall be disqualified to sit in any cause where either of the parties is connected with him by affinity or consanguinity within the third degree, applies though the person so related to the judge is a party to the action only as administrator.

In ruling the case Judge Williams used the following language:

"The constitution provides that 'no judge shall sit in any case * * * where either of the parties may be connected with him by affinity or consanguinity within such degree as may be prescribed by law.' Article 5, §11. The legislature has fixed the degree of kinship which shall disqualify at the third degree. Sayles' Civ. St. art. 1090. Appellee was related to the judge within that degree, and was a party to the cause. There were but two parties before the court, one side of the controversy being represented by appellant, and the other by appellee, as administrator. The latter was a litigant, in the full sense of the term. That he acted in a fiduciary capacity made him no less a party to the case. He was not merely a nominal party, but was the active litigant. It may be doubted whether the absence of pecuniary interest in the controversy will prevent the disqualification declared by the constitution and the statute to arise from relationship to one who is in fact a 'party'. The constitution does not say 'party in interest', but simply 'party'. It may be argued with reason that the mere fact that the relation of the judge was identified with the controversy as a party to the record was deemed sufficient to work disqualification, whether his pecuniary interests are involved or not. The language used supports such a view. If by construction a particular case is to be taken out of the operation of that language, by absence of interest of the party in the cause, the fact should, to say the least, be very clear."

In the instant case the order entered by Judge Wilkinson permitting the proceedings to be instituted and ordering that citation and copy of the petition be served on the defendant, involved the exercise of judicial discretion and judgment. If he had refused to enter the order, no action whatever could have been. had on the petition, and his action, under the statute, would have been final. No new proceedings were inaugurated, and no new order was ever entered authorizing the proceedings and ordering service to be had on the defendant, and therefore all proceedings had in the case were without authority and void. The statute provides that until such order is granted and entered, no action whatever shall be had on the petition. This is true notwithstanding Mr. Traylor was dismissed from the case and the case was prosecuted by others.

We think the Court of Civil Appeals erred in holding that the defendant Reeves, plaintiff in error here, voluntarily appeared and answered the petition against him, and waived the disqualification of the judge as to W. P. Traylor or the invalidity of the initial proceedings. He made objections and took a bill of exceptions to the actions of the court in regard to them. Besides, as we have stated, this proceeding could not be prosecuted until the court had entered

a valid order granting permission for the proceedings to be instituted and directing service.

The Court of Civil Appeals correctly held that the defendant Reeves, plaintiff in error here, could not be removed from office during his second term for offences committed during his first term. In support of this holding we advance the following reasons, in addition to those given by the Court of Civil Appeals which we approve:

Article 6030, R. S., provides for removal from office for certain acts of official misconduct while in office.

Article 6055, R. S., provides that ''no officer shall be prosecuted or removed from office for any act he may have committed prior to his election to office.''

As said by the Court of Civil Appeals, ''the phrase 'prior to his election to office' would, and is intended to, apply to a re-election as well as election in the first instance, since the re-election of the same officer is in legal effect the same as an original election. As the Constitution does not provide for continuity of terms of office, each 'term of office' legally becomes an entity, separate and distinct from all other terms of the same office. This being so, the Legislature doubtless intended in the enactment of the statute to provide that an officer should not be removed for official misconduct except for acts committed after his election to the term of office he is then holding and from which it is attempted to oust him.'' Thurston v. Clark, 107 Cal., 285, 40 Pac., 435; Speed v. Common Council of Detroit, 98 Mich., 360, 39 Amer. St. Repts., 555; Smith v. Ling, 68 Cal., 324, 9 Pac., 171.

In Texas we have frequent elections;—for county officers every two years. The main, if not the only, justification for such frequent elections is that thereby the elections are kept in the hands of and close to the people, and ample opportunity is afforded to retire incompetent or corrupt officers. We construe Article 6055 to mean that an officer cannot be removed for acts committed prior to his election to the term of office he is holding. An election to a second term is as much an ''election to office'' as to a first term. This doubtless is more consistent with the legislative intent, and is to give it a more practical value and application in connection with the purpose of the Act and our system of elections. To construe it differently would be to agree to the argument of defendant in error wherein it says: ''Article 6055 Rev. Stat. by providing that no officer shall be removed from office for any act he may have committed prior to his election to office, in our opinion carries no more force than if such Article had not been enacted, as he could not be guilty of official misconduct until he was inducted into office

114 Tex. Sup.—20.

by taking the oath of office and executing official bond." But we think the Legislature did not idly enact the Article, and that it should be given "force". To do so we must apply it only to acts committed subsequent to an election to the term the officer is holding, and from which it is sought to oust him.

We think, however, the Court of Civil Appeals erred in holding that the admission in evidence of acts of official misconduct during the plaintiff in error's first term of office should not work a reversal of the judgment against him. The jury, under the direction of the court, as provided in Article 6043, there being more than one distinct cause of removal alleged, did, by separate findings in their verdict, say which cause they found to be sustained by the evidence and which were not sustained, and they found acts of official misconduct in both terms of office. We think, however, that the admission in evidence of other and separate acts charged and found by the jury to have been committed during the first term in office could not help but be prejudicial to plaintiff in error and to have influenced the jury in their findings upon the issues submitted to them of acts committed during the second term, and should not have been admitted for any purpose.

For the reasons stated herein, the judgments of the Court of Civil Appeals and of the District Court are reversed and the cause is remanded.

*Reversed and remanded.*