**KELLEY et al. v. REEVES.　(No. 3325.)\***

(Court of Civil Appeals of Texas. Texarkana. Feb. 11, 1927. Rehearing Denied Feb. 24, 1927.)

**1. Sheriffs and constables ☞168(1)—Petition of ousted sheriff against appointee in his place and his sureties for wrongful suspension held not demurrable (Rev. St. 1911, art. 6049).**

Petition of ousted sheriff, alleging his suspension on petition of private citizens, not stating grounds legally sufficient for removal, was sufficient against demurrer, in suit against appointee in his place and sureties on bond furnished by appointee, as required by Rev. St. 1911, art. 6049, conditioned for payment of all damages sustained by suspended officer.

**2. Sheriffs and constables ☞163 — In suit against appointee and sureties, sufficiency of amended quo warranto petition held no defense, where suspension was on original petition (Rev. St. 1911, art. 6049).**

In ousted sheriff's suit against appointee in his place and sureties on appointee's bond, furnished under Rev. St. 1911, art. 6049, and conditioned for payment of damages to officer for wrongful suspension, exceptions to answer setting up filing of amended petition by the district

and county attorneys in the stead of original petition by private citizens were properly sustained, where order of suspension was on original petition, by disqualified judge.

**3. Sheriffs and constables ☞171 — Whether wrongfully suspended sheriff would have required same expenditures for automobiles as appointee held for jury in determining damages.**

Court properly submitted to jury special issue whether wrongfully suspended sheriff would have been obliged to make same expenditures for automobiles as were made by the appointee in sheriff's suit for damages for suspension.

**4. Sheriffs and constables ☞170—Wrongfully suspended sheriff, unable to find employment, may recover salary he might have earned.**

Wrongfully suspended sheriff is entitled to recover as part of his damage the money which he might have earned by his personal service while in office, where he was unable during suspension to find other employment.

Appeal from District Court, Titus County; Newman Phillips, Judge.

Action by John J. Reeves against W. L. Kelley and others. From judgment for plaintiff, defendants appeal. Judgment reformed and affirmed.

J. H. Beavers, of Winnsboro, and T. Claude Hutchings, and Sam Williams, both of Mt. Pleasant, for appellants.

J. A. Ward, of Mt. Pleasant, for appellee.

HODGES, J. This appeal is from a judgment in favor of the appellee John J. Reeves, former sheriff of Titus county, against the appellant Kelley as principal and the other appellants as sureties on a bond which will be described later. The facts about which there is no dispute in the evidence are as follows:

In November, 1920, Reeves was elected sheriff of Titus county, and two years later was re-elected for a second term. On June 20, 1923, while Reeves was serving his second term, a petition was presented to Hon. R. T. Wilkerson, the district judge of Titus county, by a number of citizens as relators, asking for the removal of Reeves from office for various reasons stated in the petition. Upon presentation of the petition the district judge directed the issuance of a citation to Reeves, and also on the same date entered an order suspending Reeves from office. The appellant Kelley was appointed to fill the office of sheriff during such suspension. He executed a bond in the sum of $5,000, as required by article 6049 of the Revised Civil Statutes of 1911, conditioned that he would faithfully discharge the duties required by law as sheriff of Titus county, and "shall pay to J. J. Reeves all damages and costs that he may sustain by reason of such suspension from office in case it should appear that the cause

or causes of removal are insufficient or untrue." The petition for removal charged official misconduct on the part of Reeves, which occurred during his first term of office.

When the case was called for trial at the next term of court, Reeves demurred to the petition because of its insufficiency, and also pleaded the disqualification of the presiding judge on account of his kinship to one of the relators who had signed the petition for removal. Before trial on the merits, however, an amended original petition was filed by the district and county attorneys. The original relators were dismissed from the case, and the trial on the merits was upon the amended petition filed by the district and county attorneys. That petition reiterated the charges of official misconduct during the first term of office by Reeves, and added other charges of official misconduct occurring during his second term. The trial resulted in a judgment removing Reeves from office. An appeal was prosecuted to the Court of Civil Appeals of this district, and the judgment of the trial court was affirmed. See Reeves v. State (Tex. Civ. App.) 258 S. W. 577. A writ of error was later granted by the Supreme Court, and the judgments of the Court of Civil Appeals and of the trial court were reversed, and the cause remanded for another trial. See Reeves v. State ex rel., 114 Tex. 296, 267 S. W. 666. The mandate of the Supreme Court was not issued until April 29, 1925. Reeves' term of office having expired, the case was presumably dismissed.

In May, 1925, Reeves filed this suit against Kelley and his bondsmen to recover the sum of $5,000 as damages for being wrongfully deprived of the office of sheriff during the remainder of his second term. He alleged, in substance, the charges of official misconduct set out in the original petition filed by the citizens as relators; that he was then serving his second term; and that the charges of official misconduct stated in the petition upon which he was removed were insufficient. He also alleged the presentation of that petition to Hon. R. T. Wilkerson, and the orders made by him for citation and suspension from office. He further pleaded the appointment of Kelley, the execution of the bond, and other appropriate facts as to the receipts of the office during the period of his suspension.

The appellants answered by demurrers and special exceptions. They also pleaded the filing of an amended original petition in the ouster proceedings by the district and county attorneys, which contained additional charges of official misconduct on the part of Reeves. The answer set out in detail the material portions of the amendment which did not appear in the original petition. Appellants further pleaded that "the necessary expenditures in maintaining said office in the proper discharge of his official duties were sufficient

to equal the revenues received, and that the defendant W. L. Kelley received no profit or pay for his time in occupying said office, which expenditures and revenues received is here shown by itemized account attached to and made a part of this answer and marked Exhibit A." The items contained in the exhibit when subtracted from the admitted receipts of the office left a net balance of $232.26.

In this appeal it is agreed that the evidence shows gross receipts amounting to the sum of $8,086.98, and that all of the items of expense pleaded by the appellants were proper, and should be allowed except the following:

| | |
|---|---:|
| Salary to Kelley | $1,950 00 |
| A. H. O. Tyson, Ford car sheriff's use | 375 00 |
| Ford garage car | 414 50 |
| Ford car, payment | 203 40 |
| Chevrolet car | 632 00 |
| Trip to St. Louis | 73 50 |

In the trial the court overruled the appellants' demurrers, and sustained the appellee's exceptions to those portions of appellants' answer which set out the contents of the amended original petition filed by the district and county attorneys after the order of suspension had been made. He also concluded as a matter of law that appellants were not entitled to an allowance of $1,950 as salary for Kelley, nor to the item of $73.50 charged as expenses for a trip to St. Louis. With those deductions the four contested items of expense amounted to $1,624.90. The court then submitted the following special issues:

"(1) Was the sum of $1,624.90 claimed by W. L. Kelley to have been spent by him in procuring and supplying himself with automobiles while he was sheriff of Titus county reasonable and necessary in order to enable him to properly discharge the duties of sheriff during said time?" The jury answered: "Yes."

"(2) If John J. Reeves had not been removed from the sheriff's office, would it have been reasonably necessary for him, in order to properly perform the duties of sheriff of Titus county, to have expended any money after January 20, 1923 (the date of removal), in the purchase of automobiles?" The jury answered: "No."

The remaining special issues submitted and answered are immaterial. In the judgment rendered the court recites the findings of the jury, and then says:

"The court finds, in accordance with the findings of the jury, that it was unnecessary for the plaintiff, John J. Reeves, to have expended any money in the purchase of automobiles during the remainder of his term of office if he had not been removed therefrom on June 20, 1923, and that therefore the $1,624.90 expended by W. L. Kelley could not be allowed to the said Kelley as credits on the moneys collected by him. * * * The court further finds from the uncontradicted admitted facts of all parties that the items claimed as credits by W. L. Kelley for salary paid to him at

the rate of $150 per month are illegal items, and cannot be allowed as credits to W. L. Kelley on the moneys received by him. * * * The court further finds from the undisputed and uncontradicted facts that the item of $73.50 claimed by W. L. Kelley as a credit on expenses paid on a trip to St. Louis looking for a fugitive from justice cannot legally be allowed to the said W. L. Kelley. The court further finds from the admitted and uncontroverted facts that the sum of $232.26, balance due on moneys received by W. L. Kelley, is in excess of all credits claimed by him, and that from said findings of fact John J. Reeves is entitled to recover the following sum:

| | |
|---|---:|
| Unlawful salary deduction | $1,950 00 |
| Unlawful automobiles deduction | 1,624 90 |
| Expenses of travel | 73 50 |
| Money received and held by Kelley | 232 26 |
| Total | $3,880 66" |

Judgment was rendered against Kelley and his bondsmen for $5,000. It is conceded that this amount was a clerical error, and it should have been for $3,880.66.

[1] The general demurrer to the appellee's original petition was, we think, properly overruled. The petition alleged that the appellee was suspended from office upon the petition presented by a number of private citizens as relators which did not charge grounds legally sufficient for removal. The conditions of the bond were that Kelley should be liable for the damages sustained by Reeves if the charges upon which the suspension was made were either insufficient or untrue.

[2] We are also of the opinion that the court properly sustained exceptions to the answer of the appellants setting up the filing of the amended petition. The order of suspension was made upon the presentation of the original petition by the relators, and, as held by the Supreme Court in the appeal which followed, by a trial judge who was disqualified to enter any orders in the case. It is not alleged, or contended, that after the filing of the amended petition any other order of suspension was entered. Low v. Johnson (Tex. Civ. App.) 259 S. W. 1004; Reeves v. State, 114 Tex. 296, 267 S. W. 666.

[3] Appellants also complain of the action of the court in submitting the second issue, calling upon the jury to find whether or not it would have been necessary for Reeves, had he remained in office, to supply himself with automobiles for use in the discharge of his official duties. The testimony showed that, when suspended, Reeves had all the equipment of that character which would be needed, and, for that reason, no such expenditures would have been required. Having equipped himself with automobiles to be used in the performance of his official duties, he should not be charged up with a similar equipment purchased by Kelley. There was no error, we think, in having the jury answer that question. It is true Kelley might have claimed as a proper expenditure to be deducted from the receipts of the office of the value of the depreciation of the automobiles and the cost of their maintenance, had he pleaded and proved such expenses.

[4] Clearly, we think the item of $1,950 claimed by Kelley as salary was properly excluded. Appellants sought to prove by Kelley that this sum was expended in the general performance of the duties of sheriff while Kelley was in office. That testimony was objected to, and excluded upon the ground that no such item of expenditure had been pleaded. In the exhibit attached to the defendant's answer $150 was listed as "salary" for each month. These made the aggregate sum of $1,950.

The evidence is undisputed that during the time of his suspension Reeves was unable to find any other employment. If he was wrongfully ousted from office, he was entitled to recover as a part of his damage the money which he might have earned by his personal service while in office. The item of $73.50 was properly excluded, because the testimony shows conclusively that it was incurred under conditions which did not justify its charge as an expense.

Other assignments presented in appellants' brief have been considered, and are overruled without discussion.

The judgment will be reformed and affirmed for $3,880.66.