**STATE of Texas ex rel. Hugh RUSSELL, Appellant,**

v.

**Kerry KNORPP, Appellee.**

**No. 8957.**

Court of Civil Appeals of Texas, Amarillo.

Dec. 20, 1978.

Rehearing Denied Jan. 15, 1979.

Thomas A. Curtis, Dist. Atty., John B. Reese, Asst. Dist. Atty., Amarillo, for appellant.

George E. Gilkerson, Lubbock, Kerry R. L. Knorpp, Amarillo, for appellee.

REYNOLDS, Justice.

Unsuccessful in its trial court action to remove the Potter County Attorney from office for alleged official misconduct, the State of Texas appeals from a take-nothing judgment rendered on a jury verdict. Be-cause the judgment must be sustained on a theory of law peculiarly applicable to this action, we affirm.

The State of Texas, acting through the district attorney of the 47th Judicial District upon the relation of Hugh Russell and by the authority of Tex.Rev.Civ.Stat.Ann. arts. 5970, *et seq.* (Vernon 1962),[1] instituted this action of 10 August 1977, seeking to remove Kerry Knorpp from the office of county attorney of Potter County for alleged acts of official misconduct. As its pleadings were cast for trial, the state alleged the specifics of twenty-four occasions from 17 November 1974 to 21 April 1976 on which it averred that Knorpp received and misapplied, or secreted with intent to misapply, sums of money belonging to Potter County which Knorpp had requisitioned for specific purposes and had deposited the portions unused for those purposes into his personal bank account for his personal use.

Knorpp, who held the office of county attorney of Potter County during the times of the alleged official misconduct, documented his re-election to that office at the 2 November 1976 general election. By pleadings and sundry motions, Knorpp interposed, among other matters, the "prior-term doctrine" of Article 5986. That article reads:

> No officer in this State shall be removed from office for any act he may have committed prior to his election to office.

As used in the statute, the phrase "election to office" has been held to also mean the re-election to the term of office from which the officer is sought to be ousted. *Reeves v. State ex rel. Mason*, 114 Tex. 296, 267 S.W. 666, 669 (1924). The ultimate thrust of Knorpp's procedural motions was that Article 5986 barred his removal from office for acts charged to have been committed by him during his prior term.

The state countered that Article 5986 has no application unless and until Knorpp shows that the elements of the "forgiveness doctrine" are present. The state references

---

1. Unless otherwise noted, all articles cited are articles of the Texas Revised Civil Statutes.

the applicability and elements of the "forgiveness doctrine" to the language of *In re Laughlin*, 153 Tex. 183, 265 S.W.2d 805, 808 (1954), stating:

> Neither may removal [of judges] be predicated upon acts antedating election, not in themselves disqualifying under the Constitution and laws of this State, when such acts were a matter of public record or otherwise known to the electors and were sanctioned and approved or forgiven by them at the election. This holding is in harmony with the public policy declared by the Legislature with respect to other public officials. Article 5986, R.C.S.

Under its view of this language and the recognition given it through the progeny of *Laughlin*, the state proposed that Knorpp had to demonstrate that the acts charged to have been committed by him before his re-election were known to the electorate and sanctioned or forgiven by them at the time of his re-election.

The trial court declined to accept the Article 5986 language as a bar to removal. Instead, the court submitted the twenty-four causes alleged for removal to the jury and, over the objection of both the state and Knorpp, gave this instruction:

> The law provides that a public official may not be removed for alleged acts of misconduct occurring prior to his last election provided the public or a substantial portion thereof knows about such alleged acts prior to the election. You are instructed that before you may answer any of the plaintiff's [state's] grounds of removal "yes" you must believe from a preponderance of the evidence that the public did not know of such alleged misconduct before November 2, 1976.[2]

The jury answered "No" to each cause submitted, signifying that, under the court's charge, it was not persuaded the state had shown by a preponderance of the evidence that Knorpp was guilty of any

alleged act of official misconduct. The court rendered judgment on the verdict, decreeing that the state recover nothing.

Appealing, the state asserts that eleven errors, including the giving of the erroneous instruction, so infected the trial that a reversal is required. Before consideration is given to the state's contentions of trial error, it must be determined whether Article 5986 bars the attempted removal for prior-term acts.

The Texas Constitution specifies that county officers, including county attorneys, may be removed from office for official misconduct as well as for other listed reasons. Tex.Const. art. V, § 24. The constitution also mandates that the legislature shall provide by law for the trial and removal from office of all officers of this state, the modes for which have not been provided in the constitution. Tex.Const. art. XV, § 7. Pursuant to this direction, the legislature has enacted Tex.Rev.Civ.Stat. Ann. art. 5961, *et seq.* (Vernon 1962), providing for the removal of state officers. Article 5970, *et seq.* set forth the modes for trial and removal from office of a county attorney and other officers for, among other listed reasons, official misconduct. The state instituted this action to remove Knorpp from office under this authority, a part of which is Article 5986 upon which Knorpp relies as a bar to removal.

Prior to the enactment of Article 5961, *et seq.*, the legislature, operating under the constitutional mandate, had enacted Article 6030, *et seq.* providing for the removal of officers for certain acts of official misconduct. Article 6055, one of that series, then read: "No officer shall be prosecuted or removed from office for any act he may have committed prior to his election to office." The state invoked this statutory authority in *Reeves v. State ex rel. Mason*, 114 Tex. 296, 267 S.W. 666 (1924), for the removal of a county sheriff during his second

---

2. The state objected to the giving of the instruction on the ground that no evidence was adduced of any knowledge of the electors of the misapplication of the funds, and to the wording of the instruction on the ground that it

incorrectly placed the burden upon the state rather than upon Knorpp. Knorpp objected to the giving of the instruction because it, in essence, was a total misstatement of, and a denial of the defense provided by, Article 5986.

term for offenses committed during both the first and second terms. The Supreme Court, after commenting that "the Legislature did not idly enact the article [Article 6055], and that it should be given 'force'," held:

> We construe article 6055 to mean that an officer cannot be removed for acts committed prior to his election to the term of office he is holding.

> \*     \*     \*     \*     \*     \*

> [T]he admission in evidence of other and separate acts charged and found by the jury to have been committed during the first term in office . . . should not have been admitted for any purpose.

267 S.W. at 699. Although, as the state notes, the Court did not confront the issue whether the first term acts were known to the electors and sanctioned by them, the logical corollary of the Court's holdings is that the efficacy of the statute is unaffected by that issue, for, if the "forgiveness doctrine" were material to the operation of the statute, then evidence of the prior-term acts would have been admissible. However, the Court was definite in its holding that evidence of the prior-term acts was not admissible for any purpose.

After the *Reeves* decision, the legislature undertook the 1925 revised codification of the statutes. The language of Article 6055 became Article 5986. Thereafter in 1939, the legislature re-enacted Article 5986 in its present language.

■ A familiar principle in our law is that revised statutes are presumed to be enacted by the legislature with full knowledge of the existing conditions of the law and subject thereto unless the contrary is clearly established. *Allen Sales & Servicenter, Inc. v. Ryan*, 525 S.W.2d 863, 866 (Tex. 1975). In revising Article 5986, the legislature used plain and simple words to direct that no state officer shall be removed from office for acts committed prior to his election to office. The direction is unqualified. The presumption, then, is that the legislature intended the re-enactment to apply as it had been judicially construed in *Reeves v. State ex rel. Mason, supra*. If the *Reeves*

construction was unacceptable to the legislature, a simple remedy was available when Article 5986 was re-enacted fifteen years later. But the legislature re-enacted the statute in the same words which had been construed, and it would be overreaching for us to say that the re-enactment has a far different meaning than that given it previously by the Supreme Court.

■ Nevertheless, the state says that subsequent to *Reeves v. State ex rel. Mason, supra*, the Supreme court has engrafted the elements of the "forgiveness doctrine" on Article 5986 by its opinions in *In re Laughlin*, 153 Tex. 183, 265 S.W.2d 805 (1954), *In re Brown*, 512 S.W.2d 317 (Tex. 1974), *Matter of Carrillo*, 542 S.W.2d 105 (Tex.1976), and in *Matter of Bates*, 555 S.W.2d 420 (Tex.1977). Those cases concerned removal proceedings brought against district judges under constitutional provisions to which Article 5986 does not apply. *Matter of Carrillo, supra*, at 110; *Matter of Bates, supra*, at 427. The *Laughlin* proceedings centered around Tex.Const. art. XV, § 6, while the proceedings in *Brown, Carrillo* and *Bates* involved Tex. Const. art. V, § 1–a, to which any application of the *Laughlin* "forgiveness doctrine" has been reserved for further consideration. *Matter of Bates, supra*, at 427. However, in removal proceedings brought against officers under the statutory authority of which Article 5986 is a part, Article 5986 bars removal for acts committed prior to the election to the term of office from which the officeholder is sought to be removed. *Reeves v. State ex rel. Mason, supra*, 267 S.W. at 669. Thus, where Article 5986 applies under the present state of the law, it cannot be subjected to the "forgiveness doctrine" announced in *In re Laughlin, supra*.

Moreover, *Matter of Bates, supra*, at 428 particularly pointed out that the *Laughlin* doctrine is limited to those acts antedating election which are "not in themselves disqualifying under the Constitution and laws of this State." The pre-election acts for which the state sought to remove Knorpp

constitute official misconduct which specifically is made "disqualifying [i. e., a cause for removal] under the Constitution [Tex. Const. art. V, § 24] and laws [Article 5970] of this State." Consequently, the "forgiveness doctrine" does not apply to the official misconduct charged and, hence, the doctrine as delineated in *In re Laughlin, supra*, can have no application to the undisputed facts in the present action.

Still, the state insists that to extend the protection of Article 5986 to the officeholder without requiring absolution by a knowing electorate "would make Article 5986 a shield of injustice and make a mockery of elections in a democratic society." If so, it is a matter for legislative action, for courts must give effect to the clear meaning of a statute made by the legislature without regard to the policy or wisdom of the act or the results it may entail, *Board of Insurance Com'rs. v. Guardian Life Ins. Co.*, 142 Tex. 630, 180 S.W.2d 906, 909 (1944), and the courts may not write exceptions into a statute so as to make it inapplicable under special factual circumstances not mentioned in the statute. *Jefferson County Drainage District No. 6 v. Gary*, 362 S.W.2d 305, 307–08 (Tex.1962).

 Thus, given the force of the Article 5986 language and its construction by the Supreme Court in *Reeves v. State ex rel. Mason, supra*, the statute bars removal of Knorpp after his re-election for alleged acts of official misconduct committed before his re-election, and the take-nothing judgment must be sustained on this account. *Cf., Custom Leasing, Inc. v. Texas Bank & T. Co. of Dallas*, 516 S.W.2d 138, 142 (Tex. 1974), for the command that "[i]t is the duty of the appellate courts to sustain the judgment of the trial court if it is correct on any theory of law applicable to the case."

Under the circumstances, the state is not entitled to judgment under any view of the pleadings and evidence, and any jury trial proceedings become immaterial to the proper judgment to be rendered in this action. *Whittenburg v. Miller*, 139 Tex. 586, 164 S.W.2d 497, 504 (1942). *See also Vogel v.*

*Allen*, 118 Tex. 196, 13 S.W.2d 340, 341 (1929), and *Edmiston v. Texas & N. O. R. Co.*, 135 Tex. 67, 138 S.W.2d 526, 528–29 (1940), for the principle that where, under no view of the pleadings and evidence, the plaintiff is entitled to recover, the submission to the jury and its findings are wholly immaterial and may be disregarded because they could form no basis for judgment. Accordingly, consideration of the state's contentions of trial error is pretermitted.

The judgment of the trial court is affirmed.