**Vacate and Dismiss; and Opinion Filed January 30, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01636-CV

**CAROL SOLOMON, Appellant**

**V.**

**STATE OF TEXAS EX REL. PETE YOHO, Appellee**

**On Appeal from the 196th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 76,070**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Carol Solomon appeals the trial court's judgment ordering her removed from office as a City of Tawakoni council member. Because we conclude the cause is moot, we vacate the judgment and dismiss the cause.

City of Tawakoni Mayor Pete Yoho filed a petition to remove Solomon from office for official misconduct.[1] *See* TEX. LOC. GOV'T CODE ANN. § 21.026 (West 2008). The petition alleged city workers removed a tree stump and set a drainage culvert on Solomon's property without Solomon paying for the work or obtaining a permit. Solomon, who was elected in 2010,

---

[1] Two other plaintiff's named in the original petition nonsuited their claims.

denied the allegations, filed a counterclaim for defamation and malicious prosecution, and sought sanctions for the filing of a frivolous pleading.

Although the original petition and each subsequent amended petition asserted that time was of the essence, the removal case did not go to trial until October 2012, two years after the lawsuit was filed and less than two months before Solomon's term expired. (Solomon's counterclaims were to be tried later.) The Hunt County district attorney prosecuted the case. *See* TEX. LOC. GOV'T CODE ANN. § 21.029(d) (West 2008). After hearing the evidence, a jury found Solomon "accepted or agreed to accept" a benefit from "a person she knew to be subject to regulation, inspection or investigation" by her or the West Tawakoni City Council and that this conduct constituted official misconduct. That same day, the trial court signed an interlocutory judgment ordering her removed from office and then finding it was in the "public interest" to suspend her from office pending appeal. Solomon's term of office expired on December 1, 2012. In the meantime, she was re-elected as councilwoman in November 2012. An order nonsuiting the last of Solomon's counterclaims was signed in April 2013, making the trial court's interlocutory judgment final.

We are prohibited from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones,* 1 S.W.3d 83, 86 (Tex. 1999). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001).

Here, the parties agree the cause of action sought to remove Solomon from her term of office which expired on December 1, 2012. *See Reeves v. State ex rel. Mason*, 267 S.W. 666, 668 (Tex. 1924) (explaining that each term of office "legally becomes an entity, separate and distinct from all other terms of office.") At that time, only an interlocutory judgment was in place. Before the judgment became final and appealable, Solomon's term expired, rendering the

cause moot. *See Griffith v. State ex rel. Ainsworth*, 226 S.W. 423, 423 (Tex. Civ. App.—El Paso 1920, no writ) (concluding quo warranto action was moot on expiration of term of office and must be dismissed); *see also City of Alamo v. Montes*, 934 S.W.2d 85, 85 (Tex. 1996) (dismissing case as moot when employee resigned, leaving no controversy between parties, in suit challenging termination).

We therefore vacate the trial court's judgment and dismiss the case as moot.

121636F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CAROL SOLOMON, Appellant

No. 05-12-01636-CV      V.

STATE OF TEXAS EX REL. PETE YOHO, Appellee

On Appeal from the 196th Judicial District Court, Hunt County, Texas
Trial Court Cause No. 76,070.
Opinion delivered by Justice Francis; Justices FitzGerald and Myers participating.

     In accordance with this Court's opinion of this date, we **VACATE** the trial court's judgment and **DISMISS** the cause.

     It is **ORDERED** that each party shall bear its own costs of this appeal. After all of appellant Carol Solomon's costs have been paid, the clerk of the district court is directed to release the balance, if any, of the cash deposit to Carol Solomon.

Judgment entered this 30th day of January, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE