## L. WINSTON v. H. MASTERSON ET AL.

### No. 101.

1. **Parties—Disqualification of Judge.**

    The words *party* and *parties* when used in connection with suits or actions are technical words, the meaning of which is as certainly fixed as any words in the language. By it is understood he or they by or against whom a suit is brought, whether at law or equity. * * * All others who may be affected by the suit indirectly or consequentially are persons interested, but not parties............................ 203

2. **Interest of Judge.**

    Interest of a judge in a matter in litigation disqualifies him, but his disqualification on account of some interest other persons may have under the terms of the Constitution arises only when such persons are related to him within the prescribed degrees, and are parties............... 203

### 3. Same—Case in Judgment.

A case on appeal was tried before the county judge. An attorney for the plaintiff was to receive for his services a contingent fee equal to one-half of the sum to be recovered. The interest in the attorney was unknown to the judge. Injunction to restrain the judgment on the ground that it was void. *Held*, that the attorney not being a party to the suit, the judge was not disqualified under article 5, section 11, of the Constitution................................................... 203

Question Certified from Court of Civil Appeals for First District, in an appeal from Brazoria County, upon the following statement: ·

*To the Honorable Supreme Court:* In the above entitled and numbered cause, there is pending a motion for rehearing, asking this court to set aside its judgment rendered in said cause affirming the judgment of the court below, and to reverse same.

There arises upon said motion, as upon our first consideration of the case, a novel question of law.

Appellant, L. Winston, brought suit in the District Court of Brazoria County against the appellees, C. Davis and H. Masterson, to enjoin the execution of a judgment obtained against him by the said C. Davis in the County Court of Brazoria County. As one of the grounds for the injunction, the appellant alleged that the judgment was void, because the county judge, before whom the cause of C. Davis v. L. Winston was tried, was disqualified by reason of his relationship to the said H. Masterson, a party to the cause.

When the judgment in the cause of C. Davis v. L. Winston was rendered, Hon. A. R. Masterson, a brother of said H. Masterson, was the judge of the said County Court, and the cause was tried before him. Said H. Masterson was the attorney for the plaintiff, C. Davis, in bringing and prosecuting said suit. H. Masterson does not appear from the record to have been a party to the cause, but he had a contract with the plaintiff for his fee as attorney therein, by which he was to receive a contingent fee equal to one-half the amount recovered by him upon the judgment or claim against Winston. The question of disqualification was not raised in the cause of Davis v. Winston, and Judge Masterson was not aware of his brother's agreement for a contingent fee.

We certify to the Supreme Court the question, whether or not by reason of the contingent fee that H. Masterson had in the case of Davis v. Winston, his brother, Hon. A. R. Masterson, was disqualified to sit therein. * * *

*Bryan & Munson*, for appellant.—1. An attorney who gets a contingent fee of one-half of the judgment or amount recovered in a suit upon an open account, a claim which is assignable under our laws, is the equitable

owner of such portion of the claim sued upon, and is therefore "a party" to the suit within the meaning of our Constitution and statutes forbidding a relative within the third degree from sitting as judge in the case. Allcorn v. Butler, 9 Texas, 56; Stewart v. Railway, 62 Texas, 246; Railway v. McDonald, 86 Texas, 1; Howell v. Budd, 27 Pac. Rep., 747; Satterwhite v. Rosser, 61 Texas, 166.

2. Under the decisions of this court, one who is interested in the result of a suit, but not in the subject matter thereof, is a party to the suit within the meaning of our Constitution and statutes. Wier v. Brooks, 17 Texas, 642; Burch v. Watts, 37 Texas, 136; Hodde v. Susan, 58 Texas, 393; Schultze v. McLeary, 73 Texas, 93.

*H. Masterson*, for appellees.—When the amount in controversy is regarded and used as a basis or data for fixing the amount of the deferred part of an agreed fee, dependent on the accuracy and correctness of statement made by C. Davis more than recovery of judgment against Winston, it is not such a contingent interest in the judgment as would disqualify a judge from sitting in the case because of his relationship within the third degree to the attorney in the case having such an agreement. An issue as to the disqualification of a judge to sit as such in a case pending in his court should be tried and determined by him, and the facts in evidence on the issue should be incorporated in the record on appeal. Const., art. 5, sec. 11; 58 Texas, 23; Bouv. Law Dic., title "Parties to Action;" Greenl. on Ev., sec. 523.

GAINES, ASSOCIATE JUSTICE.—C. Davis, represented by H. Masterson as his attorney, recovered a judgment against L. Winston in a County Court of which Hon. A. R. Masterson, a brother of the attorney, was the judge.

H. Masterson did not appear as a party to the cause, but he had a contract with the plaintiff under which he was to receive for his services a contingent fee equal to one-half of the sum to be recovered.

No question of disqualification of the judge was raised on the trial, nor was the judge aware that his brother had an agreement under which he was to receive the contingent fee.

This suit was brought to enjoin the enforcement of the judgment, on the ground that the county judge was disqualified to try the cause; and whether he was disqualified under the facts existing is the question certified.

The Constitution declares, that "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected by affinity or consanguinity within such degree as may be prescribed by law." Const., art. 5, sec. 11.

The judge and the attorney were connected within the degree prescribed ·

by law, and the question arises whether the attorney was a "party" to the suit within the meaning of the Constitution; for if he was not, the judge was not disqualified.

In ascertaining the meaning of the words used in a Constitution or statute it is the duty of a court to look to their meaning as used in the particular connection, and to apply that meaning when and in reference to a matter in which a word has a technical signification, it is proper to attach that meaning to it.

The words "party" and "parties," when used in connection with suits or actions, are technical words, the meaning of which is as certainly fixed as any words in the language.

In Bank v. Cook, 4 Pickering, 411, it was said: "We are to ascertain the true meaning of the Legislature in the use of their statute, and we are to consider them, when legislating upon subjects relating to courts and legal process, as speaking technically, unless from the statute itself it appears that they made use of the terms in a more popular sense. The word party there is unquestionably a technical word, and has a precise meaning in legal parlance. By it is understood he or they by or against whom a suit is brought, whether at law or in equity; the party plaintiff or defendant, whether composed of one or more individuals, and whether natural or legal persons; they are parties in the writ, and parties on the record, and all others who may be affected by the writ indirectly or consequentially, are persons interested, but not parties." This is the meaning attached to the words when used in such a connection, in the following cases: Douglass v. Gardner, 63 Me., 462; Hunt v. Haren, 52 N. H., 169; Robinson v. Commissioners, 37 Ind., 335; Walker v. Hill, 21 Me., 482; Farrar v. Parker, 3 Allen, 557; Thayer v. Overseers, 5 Hill, 443; Cooke v. Cooke, 41 Md., 369; Owens v. Gotzian, 4 Dill., 438; Seeley v. Clark, 78 N. Y., 220.

That this is in the sense in which the word parties is used in that part of the Constitution above quoted is evident from another clause in the same article which declares, that "When a judge of the District Court is disqualified by any of the causes above stated, the *parties* may by consent appoint a proper person to try said cause." No person not a party to the record could give consent in such a case or otherwise control it, no matter what his interest in the litigation might be. The statutes upon the same subject show intent to use the word in the same sense. Rev. Stats., arts. 1091, 1092, 1093.

If relationship to one interested in the result of an action would have disqualified the county judge, then he would have been disqualified, although the interest of his brother was contingent. Chambers v. Rodgers, 23 Texas, 113.

Interest of a judge in a matter in litigation disqualifies him, but his disqualification on account of some interest other persons may have, un-

der the terms of the Constitution, arises only when such persons are related to him within the prescribed degrees and are parties.

The foregoing opinion was prepared by the Chief Justice just before his enforced absence from the court by reason of sickness. Since it is wholly improbable that he will be able to resume the bench before the end of the term, we now adopt and file it as the opinion of the court. It remains only to announce the formal answer to the question certified, which is, that in the opinion of this court the Hon. A. R. Masterson was not disqualified to sit in the case by reason of his brother's interest in the result of the suit.

Delivered June 28, 1894.