POSTAL MUTUAL INDEMNITY COMPANY v. K. E. ELLIS.

No. 8009. Delivered March 24, 1943.
(169 S. W., 2d Series, 482.)

*William C. Ross,* of Beaumont, for petitioner.

Upon the proposition that the proceedings in the trial court were void, because the trial judge was related to one of the parties to the suit—the attorney for plaintiff who was to receive a contingent fee for his services—and therefore the trial judge was disqualified. Duncan v. Herder, 122 S. W. 904; Fidelity Union Casualty Co. v. Dapperman, 53 S. W. (2d) 845; 25 Tex. Jur. 284.

*Adams & Hillin,* of Jaspar, for respondent.

Because the son of the trial judge was the counsel, representing plaintiff in his suit for compensation, did not make said counsel a party to the suit and the Court of Civil Appeals was correct in so holding. Missouri State Life Ins. Co. v. Rhyne, 276 S. W. 757; Indemnity Ins. Co. v. Jago, 12 S. W. (2d) 817; Winston v. Masterson, 27 S. W. 768.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

This is a workman's compensation case. The Court of Civil Appeals affirmed a judgment in favor of the employee. 161 S. W. (2d) 1114.

The judge who tried the case was the father of one of the attorneys for the injured employee, and it is here contended by the insurance company that he was disqualified to sit as a judge in the case.

Our Workmen's Compensation Act, Article 8306, Section 7c, provides that the Industrial Accident Board shall fix the fees of the attorney representing the employee before the Board. It further provides:

"7c. * * * After the approval, as first above provided for, if the association be notified in writing of such claim or agreement for legal services, the same shall be a lien against any amount thereafter to be paid as compensation; * * *"

Section 7d of Article 8306 provides:

· "For representing the interest of any claimant in any manner carried from the board into the courts, it shall be lawful for the attorney representing such interest to contract with any beneficiary under this law for an attorney's fee for such representation, not to exceed one-third (1/3) of the amount recovered, such fee for services so rendered to be fixed and allowed by the trial court in which such matter may be heard and determined.

"In fixing and allowing such attorney's fees the court must take into consideration the benefit accruing to the beneficiary as a result of such services. No attorney's fees (other than the amount which the Board may have approved) shall be allowed for representing a claimant in the trial court unless the court finds that benefits have accrued to the claimant by virtue of such · representation, and then such attorney's fees may be allowed only on a basis of services performed and benefits accruing to the beneficiary."

In this case the injured employee brought suit to set aside the award of the Board. He set out in his petition that he had employed Adams & Hillin, attorneys, to present his claim before the Industrial Accident Board and to prosecute this suit, and that he had contracted to pay said attorneys such attorneys' fees as the court might allow, not to exceed one-third of the recovery. He prayed "That one-third of any recovery be apportioned to said attorneys." The part of the judgment essential to the question here under discussion reads as follows:

"And it further appearing unto the Court that K. E. Ellis has been represented in the trial of this case and before the Industrial Accident Board by Attorneys, Adams & Hillin, and has agreed with said attorneys to pay them a sum equal to one-third of any recovery effected in this case; and it appearing to the Court that said sum of one-third is fair and just and has been earned by said attorneys.

"It is therefore ordered, adjudged and decreed by the Court that out of said sum of $57.81 and $2,962.82, one-third be apportioned to said attorneys, Adams & Hillin.

"It is further ordered by the Court that the Clerk issue a Writ of Execution on the request of plaintiff and his attor-

neys for the collection of said judgment and costs, and the officer so executing said writ is hereby directed on the collection of said judgment, or any part thereof, under said writ, to pay the sum so realized thereon to plaintiff and his attorneys in the proportions herein specified.

"It is further ordered, adjudged and decreed by the Court that upon payment by defendant to the said plaintiff and to his attorneys herein named of said judgment in the proportion hereinabove specified. and upon its paying to the officer of the Court the costs herein incurred, this judgment shall stand satisfied in full."

Article 15, Vernon's Annotated Civil. Statutes, reads as follows:

"Art. 15. No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consangunity within the third degree, or where he shall have been counsel in the case."

See also Article V, Section 11, Texas Constitution.

■ It is settled that the disqualification of a judge, as above provided for, affects his very jurisdiction and power to act, and cannot be waived. Chambers v. Hodges, 23 Texas .104; City of Dallas v. Peacock, 89 Texas 58, 33 S. W. 220; Lee v. British-American Mortgage Co. (Texas Civ. App.), 51 Texas Civ. App., 272, 115 S. W. 320. Any judicial act of discretion exercised by a judge subject to the disqualifications defined by the above constitutional and statutory provisions is absolutely void. Chambers v. Hodges, supra; Newcome v. Light, 58 Texas 141, 44 Am. Rep. 604.

■ It appears to be settled that the word "party," as used in the above statute, is not restricted to those who are named as parties in the pleadings, but that it includes all persons directly interested in the subject matter and result of the suit, regardless of any appearance of their names in the record. 25 T. J. 284; Schultze v. McLeary, 73 Texas 92, 11 S. W. 924; Hodge v. Susan, 58 Texas 389; Grubstake Inv. Assn. v. Kirkham (Texas Civ. App.), 10 S. W. (2d) 184 (writ refused).

■ But it is well settled also that an attorney is not so directly interested in the subject matter of the litigation as to make him a party to the suit within the meaning of the statute so as to disqalify a judge who is related to him, merely because he is to receive a contingent fee based on the amount of the recovery. Winston v. Masterson, 87 Texas 200, 27 S. W. 768. The above holding is of such long duration that we do not feel justified in altering it at this time. Consequently, under the above rule, if the facts presented nothing more than a case in which the attorney was to receive a contingent fee of one-third of the amount of the recovery, we would have no difficulty in holding that the attorney was not so interested in the subject matter of the litigation as to make him a party to the suit within the meaning of the statute so as to disqualify the judge who was related to him.

■ However, the facts here presented a more complicated situation. Here Section 7d of the statute above quoted makes it the duty of the court to pass on and approve the amount of the fee to be paid by the injured employee to his attorney. The Legislature seems to have concluded that in fixing the fee to be charged by the attorney in this class of litigation, the injured employee is not on an equal footing with the attorney and that public policy demands that the amount of the fee to be charged should be under the supervision and control of the court, in order to prevent the attorney from driving an unconscionable bargain. See in this connection Saunders v. Guinn (Texas Civ. App.) 1 S. W.(2d) 363. The statute impliedly denies to the employee the right to contract as to the amount of the fee to be paid the attorney. It makes it the duty of the court, where called upon to do so, to consider and weigh the facts concerning the services performed by the attorney and the benefits accruing to the employee, and to apply the law thereto, and thus judicially determine what fee the employee should pay the attorney for his services in the case. Fidelity Union Casualty Co. v. Dapperman (Texas Civ. App.), 53 S. W. (2d) 845 (writ refused). The record discloses that the plaintiff and his attorney by their pleadings invoked the jurisdiction of the court for the decision of that issue. The attorney was directly interested in the decision of the question. He was one of the contending parties as against the employee as to the value of the services rendered by him and the amount of the fee to be allowed therefor, and it was within the power of the judge to favor him in the decision of that question. It

can hardly be said that he was not a party to and directly interested in the controversial issues thus presented. The judge was clearly disqualified to decide that issue, and consequently his decision thereon as between the employee and the attorney was void. 25 T. J. 303; Chambers v. Hodges, 23 Texas 104; Reeves v. State, ex rel. Mason, 114 Texas 296, 267 S. W. 666; Milan v. Williams, 119 Texas 60, 24 S. W. (2d) 391.

Moreover, the action of the trial court in undertaking to fix the amount of the fee to be paid by plaintiff to his attorneys, directly affected the rights of the insurance company. The petition itself expressly invoked the jurisdiction of the court to award a judgment in favor of plaintiff's attorneys. The judgment followed the petition and apportioned one-third of the judgment to plaintiff's attorneys. In fact, the judgment awards such attorneys a recovery against the insurance company, and expressly authorized the issuance of execution therefor directly in their favor. It further provided that the insurance company could discharge the judgment by paying to the plaintiff and his attorneys the amount of the judgment in the proportion therein named. This plainly placed on the insurance company the obligation to pay directly to the attorneys one-third of the amount of the judgment. Thus the void order concerning the attorneys' fees affected not only the rights of the employee and the attorneys but also the rights of the insurance company. The vice in the judgment is apparent. The insurance company was ordered to pay a portion of the recovery to the attorneys when it had not been legally determined that they were entitled thereto. It cannot be said that the right of the employee to complain is cut off by his agreement, because it was a matter about which he was forbidden to contract without the approval of the court. The insurance company was thus placed in the position of having to elect at its peril as to whether or not it would pay the judgment. If it failed to pay the judgment it might subject itself to the penalty of having its permit forfeited, as provided for in the statute, for failure to discharge such a judgment. See Revised Statutes, Art. 8307, Sec. 5. If it should pay one-third of the recovery to the attorneys as provided for in the judgment, and the employee should afterwards repudiate that part of the judgment fixing the amount of attorney's fees, then the insurance company would be in the position of having wrongfully paid the money to the attorneys and would have to pay it again to the employee. It is very clear, therefore, that the good part of the judgment

cannot be separated from the bad. See in this connection Reeves v. State ex rel. Mason, 114 Texas 296, 267 S. W. 666; Milan v. Williams, 119 Texas 60, 24 S. W. (2d) 391.

We do hold that the record presents such error as requires a reversal of the judgment on appeal.

The judgments of the trial court and Court of Civil Appeals are reversed, and the cause is remanded for a new trial.

Opinion delivered March 24, 1943.