John W. NILES et al., Appellants,

v.

Frank R. DEAN, Jr., Appellee.

No. 6573.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 29, 1962.

Rehearing Denied Dec. 19, 1962.

George W. Morris, Conroe, R. F. Roberts, Beaumont, for appellants.

McClain & Harrell, Conroe, for appellee.

STEPHENSON, Justice.

Frank R. Dean, Jr., brought this action in trespass to try title, against numerous defendants, to recover title to approximately 1280 acres of land in the John W. Niles Survey of Montgomery County, Texas. The jury found favorably for the plaintiff under both the five-year and ten-year statutes of limitation. The trial court rendered judgment for the plaintiff. Notice of appeal was given only on behalf of R. F. Roberts, Genevieve Odell Reedy and husband, S. V. Reedy, J. V. Datin, O. W. Harris, George W. Morris and Dorothy O. Hopkins. The parties will be designated here as they were in the trial court.

These defendants rely primarily upon the contention that the plaintiff's predecessors in title entered upon the land in question in recognition of the owner's title to a part of the land, and that there was no repudiation of such owner's title, and therefore as a matter of law, no adverse possession could be perfected. The evidence in this record in reference to this point, shows the following:

(1) I. B. Price executed a quitclaim deed dated March 17, 1913 to F. R. Dean, W. A. Dean and T. R. Dean covering 1280 acres of land and being all of the John W. Niles Survey "except 240 acres belonging to McDonald and Odell, 20 acres belonging to Amsler, and 10 acres belonging to Monroe Bennett." This deed was filed for record March 28, 1913 and recorded March 29, 1913 in the Deed Records of Montgomery County, Texas.

(2) March 25, 1935 F. R. Dean, W. A. Dean and T. R. Dean executed an oil and gas lease to Tulane Gordon, covering 1010 acres of land and using the same description as set out in the Price deed above mentioned, including the exception of the 270 acres.

(3) November 7, 1939, F. R. Dean, W. A. Dean and T. R. Dean executed an extension to Humble Oil and Refining Company of the oil and gas lease mentioned above.

(4) December 30, 1944, a partition deed was executed by W. A. Dean, T. R. Dean and F. R. Dean, Sr., conveying to F. R. Dean, Sr., a tract of land containing 1280 acres of land and being all of the John W. Niles Survey except 20 acres of land now owned by Will Kinder.

(5) The evidence showed the plaintiff was the only heir of Frank R. Dean, Sr. upon his death intestate October 19, 1955. The surviving widow of Frank R. Dean, Sr. conveyed all of her right, title and interest to the property in question to the plaintiff by deed dated January 31, 1956.

■ There are various ways the title of another may be recognized. The acceptance of a deed in which the description of the land shows a portion of the tract described is excepted, is one way to effect such recognition. The execution of an oil and gas lease describing a tract of land, and excepting a portion of such land, is another way to effect recognition of another's title to the excepted portion. See Houston Oil Co. of Texas v. Pullen, Tex.Com.App., 272 S.W. 439. However, in this case the ap-

pealing defendants have not placed themselves in a position to have the defense of recognition of another's title available to them. The exception set out in the Price deed, "except 240 acres belonging to McDonald and Odell, 20 acres belonging to Amsler, and 10 acres belonging to Monroe Bennett" does not satisfy the legal requirements. In the first place, the words "belonging to" do not indicate whether the interest of McDonald, Odell, Amsler and Monroe Bennett is legal or equitable. It is not indicated whether the interest is divided or undivided. If the interest is a specific 240 acres, 20 acres and 10 acres, then the location of the property is not shown. Nothing but the surnames "McDonald, Odell and Amsler" are given, and it is not indicated who these persons may be. No evidence was offered upon the trial of this case to identify either the location of the 240 acres, the 20 acres or the 10 acres, or the persons of "McDonald, Odell and Amsler."

The judgment in the trial court shows "D. A. Odell", "Sandy McDonald", "Charles Amsler", "Samuel Amsler", "Julia Amsler" and "Monroe Bennett" as being named as defendants, cited by publication, and as defendants against whom plaintiff was given judgment, from which they did not appeal. The judgment also shows a "Frederich P. McDonald" named as an intervenor and cross-plaintiff, and that title is divested out of him into the plaintiff, and no appeal is taken by Frederich P. McDonald. The judgment also shows Genevieve Odell Reedy, joined by her husband, S. V. Reedy, filed a petition to remove this case to the Federal Court, which petition was denied, and no error is assigned to this action of the trial court. The Reedys are not parties to this suit, even though they filed such petition to remove, and after judgment they filed a pleading designated: "Motion to Abate and For a New Trial." No evidence was offered during the trial of this case to identify the parties to the suit named Odell, McDonald and Amsler, or Genevieve Odell Reedy. None of the ap-

pealing defendants offered evidence to show a relationship to, or that they were claiming under, Odell, McDonald, Amsler or Monroe Bennett.

Proof of recognition of title by one claiming adverse possession of land, is not the same as showing an outstanding title in a third person in a case in which plaintiff is claiming a record title. Proof of a record title in either the defendant or a third person would not defeat a perfected adverse claim by the plaintiff. Under the circumstances in the case, that is, where plaintiff is claiming a tract of land by adverse possession, and it is contended the plaintiff recognized title in third persons to a portion of such tract, only the third persons in whom such recognition is made, and those claiming under them are entitled to the benefit of such defense. No point is raised in this case concerning the sufficiency of the evidence to sustain the findings of the jury in reference to adverse possession. Even if we assume the defendants have proved a recognition of title in Odell, McDonald, Amsler and Monroe Bennett, and further assume the Odell, McDonald and Amsler named as defendants in this suit are the same persons having such outstanding title, this would still be of no benefit to the appealing defendants. Such a situation would be similar to the one in Fowler v. Hardee, Tex.Civ.App., 16 S.W.2d 154. An appealing defendant is not entitled to claim the benefit of proof of an outstanding title in a co-defendant, made a party to the suit by plaintiff, where the title of such non-appealing co-defendant passes to the plaintiff by the judgment in this suit.

Defendant J. V. Datin complains of the action of the trial court in overruling his first motion for continuance. This suit was filed July 15, 1961. Plaintiff's first amended original petition, upon which the case was tried, was filed October 2nd, 1961. Non-resident notice was issued October 6, 1961, and served on J. V. Datin in Marion County, Iowa, October 11, 1961. Original

answer for J. V. Datin was filed October 27, 1961. This case was set by the trial court on December 6, 1961 for trial December 18, 1961. A motion for continuance was filed on behalf of J. V. Datin December 18, 1961, overruled on the same date, and the case proceeded to trial. All of the matters contained in this motion for continuance referred to lack of time to prepare for· trial. Counsel for the defendant J. V. Datin makes the statement that he had only 11 days after the date of setting the case to prepare to defend against a limitation claim. Counsel for plaintiff points out this defendant had 2 months and 7 days after being served with non-resident notice for such preparation.

■■ It is well settled that a motion for continuance is addressed to the sound discretion of the law, but that the overruling of a motion is subject to review. Robertson v. Robertson, Tex.Civ.App., 291 S.W. 2d 452. We conclude no abuse of such discretion is shown. The statement as to both the facts and law set out in Scaling Oil Corporation v. Head, Tex.Civ.App., 241 S.W. 767, are applicable to this case, as follows:

"This application is not a statutory motion, and shows that the continuance was sought for the sole purpose of enabling the plaintiff in error to prepare its defense to the action, without indicating facts or conditions which show the absence of opportunity for such preparation. The record shows that the plaintiff in error was fully apprised, more than two months in advance of the trial, of the issues it would be called upon to meet, and there is nothing to indicate that this time was not amply sufficient to enable it to prepare its defenses."

September 22, 1961, Judge J. S. Holleman, Judge of the Second Ninth Judicial District, entered an order appointing Ernest Coker, Jr. to represent the defendants cited by publication in this cause. There was a second affidavit and publication after that date. On December 11, 1961, Judge Ernest Coker, Sr., entered another order appointing his son, Ernest Coker, Jr., to represent the defendants cited by publication. The case proceeded to trial under Judge Ernest Coker, Sr., and at the conclusion of the trial, this Judge set a fee of $2,500.00 for Ernest Coker, Jr., for services performed. It is the contention of the defendant R. F. Roberts that the father fixing his son's fee rendered the entire judgment void. This defendant cites the case of Postal Mutual Indemnity Co. v. Ellis, 140 Tex. 570, 169 S. W.2d 482, as authority for this position.

■■ The issue to be decided is whether Ernest Coker, Jr., is a "party" to this suit within the meaning of Article V, Sec. 11, of the Texas Constitution Vernon's Ann.St.Const. and Article 15, Vernon's Texas Civil Statutes, Vernon's Ann.St. Article 15 reads as follows:

"No judge or justice of the peace shall sit in any case wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree, or where he shall have been counsel in the case. Const. art. 5, sec. 11."

The Supreme Court held in Postal Mutual Indemnity Co. v. Ellis, 140 Tex. 570, 169 S.W.2d 482, that the plaintiff's attorney in a Workmen's Compensation case is a party to the suit, but that decision was based primarily on the provision in Article 8306, Sec. 7d, Vernon's Texas Civil Statutes, which require the judge to award the attorney's fees out of the plaintiff's recovery. No such situation existed in this case. The attorney was entitled to be paid a fee regardless of the outcome of this case, and no point is raised that the amount of the fee is unreasonable. It is well settled that an attorney is not a party to a suit so as to disqualify the judge hearing the case who is related to him, even though such attorney is to receive a contingent fee

based on the amount of the recovery. Winston v. Masterson, 87 Tex. 200, 27 S.W. 768. Ernest Coker, Jr., was not a "party" to the suit and the judgment is not void.

The judgment is affirmed.