Dan W. COOPER and C. A. Hudson, d/b/a C. & H. Farms, Appellants,

v.

O. H. SULLIVAN, Appellee.

No. 6104.

Court of Civil Appeals of Texas, El Paso.

June 3, 1970.

---

J. M. Preston, Pecos, for appellants.

Charles M. Prock, Fort Stockton, for appellee.

## OPINION

PRESLAR, Justice.

Appellants, defendants in the court below, appeal from a judgment against them in the amount of $8,600.00. Trial was to the court without a jury on March 22, 1967 and, after taking the case under advisement, the court rendered judgment some two years and seven months later, on October 28, 1969. We reverse and remand for failure of the court to file findings of fact and conclusions of law.

■ Appellants requested the trial judge to file findings of fact and conclusions of law within the time and in the manner prescribed by Rule 296, Texas Rules of Civil Procedure. In accord with Rule 297, appellant, in writing, called the attention of the trial court to his failure to file such findings and conclusions within the time prescribed, but the trial court again failed to file such findings and conclusions. These matters are set forth in the appellants' Bill of Exception Number One, which the trial court has certified. There is no statement of facts in the record. Under such circumstances, such failure on the part of the trial judge constituted reversible error. Wagner v. Riske, 142 Tex. 337, 178 S.W.2d 117 (1944), citing Callaghan v. Grenet's Estate, 66 Tex. 236, 239, 18 S.W. 507; Galveston, H. & S. A. Ry. Co. v. Stewart & Threadgill, Tex.Com.App., 257 S.W. 526. Although the general rule is that injury to the complaining party is presumed unless the contrary appears, there can be no rebutting of the presumption in the case before us, because there is no statement of facts. Timely request for a statement of facts was made by both parties, but the court reporter had destroyed his notes and was unable to supply a statement of facts. Because of that fact, and the long period of time since the trial, we are reluctant to return the matter to the trial court for findings under the procedure made possible by Rule 434, T.R.C.P. We conclude that justice can best be served by another trial.

Reversed and remanded.