Yolanda Z. MARTINEZ, Appellant,

v.

Albert J. MARTINEZ, Appellee.

No. 16419.

Court of Civil Appeals of Texas, San Antonio.

Oct. 1, 1980.

**720**

Sharon Trigo, Laredo, for appellant.

Alberto J. Martinez, pro se.

## OPINION

KLINGEMAN, Justice.

Respondent, Yolanda Z. Martinez, appeals from a divorce proceeding in Webb County, Texas, granting a divorce between the parties, appointing her managing conservator of the one child of the marriage, providing for monthly child support payments to be made by petitioner, Albert J. Martinez, to her, and making a division and partition of property, real and personal, between the husband and wife. Respondent filed an answer but failed to appear at the trial. Respondent timely filed a motion for new trial which was overruled by the trial court following a hearing.

This case is before us without a statement of facts or any findings of fact or conclusions of law.[1]

Respondent asserts three points of error: (1) the judgment of the trial court is void because the attorney for petitioner is a son-in-law of the trial judge, and attorney's fees were or might have been at issue; (2) the trial court erred in failing to file findings of fact and conclusions of law; and (3) the trial court erred in overruling respondent's motion for new trial.

Article 5, section 11, of the Texas Constitution and Article 15 of Texas Revised Civil Statutes Annotated provide, in effect, that no judge shall sit in any cause wherein he may be interested or where either of the parties may be connected with him by affinity or consanguinity within the third degree or where he shall have been counsel in the case. Respondent urges that an attorney is a party within the meaning of such statute. It has early been held that an attorney is not a party to a suit within the meaning of the statute. *Winston v. Masterson*, 87 Tex. 200, 27 S.W. 768 (1894); *Patton v. Collier*, 38 S.W. 53 (Tex.Civ.App. 1896, no writ). Respondent further urges that the trial judge was disqualified under such rule because attorney's fees were or might have been awarded. Petitioner sought no recovery of attorney's fees and no attorney's fees were awarded by the court to either party.

In support of her contention, respondent cites and relies on *Indemnity Insurance Co. of North America v. McGee*, 163 Tex. 412, 356 S.W.2d 666 (1962) and *Postal Mutual Indemnity Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482 (1943). These cases are distinguishable from the case at bar as both were workman's compensation cases in which, by statute, the judge is required to pass on and approve attorney's fees. The supreme court in *McGee, supra*, cites *Ellis* and states that the result reached was primarily because of the workman's compensation law. The Supreme Court of Texas in *Ellis* held that an attorney who is to receive a contingent fee based on the amount of recovery is not so directly interested in the subject matter of litigation as to make him a "party thereto" within the meaning of the statute relating to disqualifications of judges so as to disqualify a judge who was a father of the attorney. However, the Court in *Ellis* stated that a different situation is presented in a workman's compensation case where the statute makes it the duty of the court to pass on and approve the amount of attorney's fees to be paid by the injured employee to his attorney and that an attorney representing a party in a workman's compensation case is a party to the suit himself because the Legislature, due to public policy, has concluded that the amount of attorney's fees must be under

---

1. There are no points of error complaining of the sufficiency of the evidence to support the trial court's granting the divorce or division of the property between the parties.

the control of the court to prevent the attorney from driving an unconscionable bargain.

In *Dow Chemical Co. v. Benton*, 163 Tex. 477, 357 S.W.2d 565 (1962), it was held that an attorney with a contingent fee contract is not so directly interested in the subject matter of the lawsuit as to make him a "party" within the meaning of the statute disqualifying a judge who is related to a party in a case tried before him, except where the judge must approve the attorney's fees. This is also the holding in *Niles v. Dean*, 363 S.W.2d 317 (Tex.Civ.App.–Beaumont 1962, no writ). There is no statute requiring a trial judge to approve attorney's fees in a divorce case and respondent has nowhere shown that the trial court would have been required to pass on the matter of attorney's fees.

It also appears from the record before us that respondent at no time made any motion to recuse the judge under the provisions of Article 200a, section 6, Texas Revised Civil Statutes Annotated (Vernon Supp.1980). We overrule appellant's point of error number one.

■ Respondent next complains that the trial court's failure to file findings of fact and conclusions of law under Rule 296 of the Texas Rules of Civil Procedure after a timely request was made constitutes reversible error. However, Rule 297 provides that if a judge fails to prepare such findings, the party so requesting, in order to complain of the failure, shall, in writing, within five days after such failure, call the omission to the attention of the judge. Respondent did make a timely request for findings of fact and conclusions of law pursuant to Rule 296, but never brought the failure to make such findings and conclusion to the trial judge's attention as required by Rule 297. By not complying with Rule 297, respondent has waived her right to complain of the failure of the trial judge to file findings of fact and conclusions of law. *Lynch v. Exxon Pipeline Co.*, 545 S.W.2d 55 (Tex.Civ. App.–Waco 1976, no writ); *Drury v. Reeves*, 539 S.W.2d 390 (Tex.Civ.App.–Austin 1976, no writ); *Williams v. Williams*, 537

S.W.2d 107 (Tex.Civ.App.–Tyler 1976, no writ); *Vanity Fair Properties v. Billingsley*, 469 S.W.2d 453 (Tex.Civ.App.–San Antonio 1971, writ ref'd n. r. e.).

Respondent has no point of error concerning the absence of a statement of facts, but she complains that under the circumstances the failure to file findings of fact and conclusions of law is error in the absence of a statement of facts, citing *Cooper v. Sullivan*, 455 S.W.2d 958 (Tex.Civ.App.–El Paso 1970, no writ). However, the complaining party in *Cooper*, unlike the respondent in the instant case, had complied with both Rules 296 and 297. Moreover, the failure to have a statement of facts in the record here is entirely due to respondent. Respondent's point of error number two is overruled.

By her third point of error, respondent complains that the trial court abused its discretion in overruling her motion for new trial, thus denying her an opportunity to be heard on the property division. It is to be remembered that respondent did not appear at the hearing of the cause. She urges that her failure to appear was not intentional or the result of conscious indifference but due to mistake or accident because of certain misrepresentations made to her by petitioner concerning the possibility of a reconciliation between the parties at one point and an amicable settlement at another point.

■ The applicable rule for defaulting defendants is set forth in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows: a default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to mistake or accident; provided the motion for new trial sets up a meritorious defense and is filed at a time when the granting will occasion no delay or otherwise work an injury to the plaintiff.

■ Respondent's motion for new trial at best satisfies prong one of the *Craddock* test, that is, the failure to answer or appear was not intentional or the result of con-

scious indifference on her part but due to mistake or accident. Such motion does not address the matter of meritorious defense or the matter of delay or injury. Nowhere in such motion do we find any allegation of fact which would constitute a defense either to the divorce action or to the property division and nothing is said of the element of delay or injury to petitioner.

The Supreme Court in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.1966), in discussing the *Craddock* rule, stated:

> The rule of *Craddock* does not require *proof* of a meritorious defense in the accepted sense to entitle one to a new trial after default; the motion should be granted if it '*sets up* a meritorious defense.' In this respect the burden a defaulting defendant must assume on motion for new trial is much less onerous than the burden he must assume in a bill of review proceeding filed after expiration of the time for filing a motion for new trial. . . .
> We note again the specific language of *Craddock* that a new trial should be granted to a defaulting defendant if his motion '*sets up* a meritorious defense.' This does not mean that the motion should be granted if it merely *alleges* that the defendant 'has a meritorious defense.' The motion must allege *facts* which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense. [Citations omitted.]

407 S.W.2d at 214.

This is not a case where defendant's motion for new trial was denied summarily without a hearing. After such motion for new trial was filed it was timely set down for hearing by the trial judge, and the order overruling respondent's motion for new trial recites that she appeared in person and by attorney and that the court, after hearing the evidence and argument of counsel, finds that the motion for new trial should be overruled. Except for this recitation in the order, there is nothing in the record to show what evidence was heard or what else transpired, and in the absence of a statement of facts we must presume that the trial court's finding and judgment is sufficiently supported by the evidence. Moreover, on this appeal respondent does not brief the matter of meritorious defense, or delay or injury.

In *Griffin v. Duty*, 286 S.W.2d 229 (Tex. Civ.App.–Galveston 1956, no writ), a somewhat similar motion to the one here involved was before the court in which defendant asserted that had he been present at the time the case was tried he would have defended on certain set forth grounds and would have presented testimony and evidence to support his defense. The court, in overruling his motion for new trial, held that such motion did not set up a meritorious defense and further pointed out that defendant made no attempt to demonstrate that a new trial would not cause delay or work an injury to his adversary. This is exactly the situation we have here before us. Respondent's point of error number three is overruled.

All of respondent's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.