**Elias CANAVATI and wife, Nellie Marcos Canavati, Appellants,**

v.

**W. H. SHIPMAN, d/b/a C & S Wholesale Lumber Co., et al., Appellees.**

**No. 16449.**

Court of Civil Appeals of Texas, San Antonio.

Nov. 26, 1980.

Rehearing Denied Dec. 31, 1980.

---

Carlos Zaffirini, Laredo, for appellants.

J. G. Hornberger, Sr., Laredo, for appellees.

OPINION

KLINGEMAN, Justice.

This is an appeal by appellants, Elias Canavati and wife, Nellie Marcos Canavati, from a judgment entered against them in favor of appellees, W. H. Shipman, dba C & S Wholesale Lumber Co., Giuseppe Priolo and Eben H. Trevino, dba EHT Enterprises, after a non-jury trial. On September 21, 1979, the trial court entered judgment for appellees, W. H. Shipman, dba C & S Wholesale Lumber Co., Giuseppe Priolo and Eben H. Trevino, dba EHT Enterprises, against appellants, Elias Canavati and wife, Nellie Marcos Canavati, in a suit by appellees on an account for material furnished and foreclosure of a mechanic's and materialman's lien. Thereafter, on October 10, 1979, the trial court, on motion of appellants, vacated its judgment of September 21, 1979. Appellees, on October 15, 1979, filed a motion to set aside the order vacating judgment. On October 19, 1979, the trial court set aside its previous order to vacate and ordered the judgment of September 21, 1979, fully reinstated as the judgment of the court.

Appellants' points of error can be summarized as follows: (a) the trial court erred in setting aside its order vacating the judgment of September 21, 1979, and reinstating such judgment; (b) the trial judge erred in appointing his son-in-law as attorney ad litem; (c) there is insufficient evidence that the materials allegedly sold by appellees were either delivered or incorporated into appellants' residence; and (d) the trial court erred in refusing to grant judgment against Priolo, who assumed the obligation of Trevino.

We first consider appellants' point of error that the trial court erred in setting aside the order vacating the judgment of September 21, 1979, and reinstating said judgment. Appellants rely on that line of cases which hold in effect that once a trial court has set aside a judgment the case stands on the docket as if it had never been tried and the trial court is without authority to enter another judgment without a

new trial. *Wichita Falls Traction Co. v. Cook*, 122 Tex. 446, 60 S.W.2d 764 (1933); *Smith v. Thornton*, 119 Tex. 344, 29 S.W.2d 314 (1930); *Schaffer v. Speckels*, 62 S.W.2d 85 (Tex.Comm'n App.1933, holding approved); *Turner v. Texas Sportservice, Inc.*, 312 S.W.2d 388 (Tex.Civ.App.—San Antonio 1958, writ ref'd n.r.e.); *Marmion v. Herrin Transportation Co.*, 127 S.W.2d 558 (Tex. Civ.App.—Beaumont 1939, writ ref'd).[1]

All of the orders here involved fall within thirty days after the entry of the trial court's original judgment. It is well settled that a trial court has full control of its docket for thirty days after entry of its judgment and during such period of time can set aside, modify or reform such judgment. In support thereof, appellees cite Tex.R.Civ.P. 329b (Vernon 1977); *White v. Douglas*, 569 S.W.2d 635 (Tex.Civ.App.—Texarkana 1978, writ ref'd n.r.e.); *Affolter v. Affolter*, 389 S.W.2d 742 (Tex.Civ.App.—Corpus Christi 1965, no writ). The cases above cited do not discuss the question of whether a trial court can, after vacating its previous judgment, thereinafter reinstate such judgment without holding a new trial. However, there are a number of cases, which discuss and pass on this matter. In *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799 (Tex.1978), the trial court vacated the original judgment more than thirty days after it was entered but within forty-five days after the amended motion for new trial had been filed. A second judgment was subsequently entered by the trial court and an appeal was perfected. The court of civil appeals in *Three Bears, Inc. v. Transamerican Leasing Co.*, 560 S.W.2d 183 (Tex.Civ.App.—El Paso 1978), considered the order vacating the judgment as an order granting a new trial, and reversed the second judgment and remanded the cause for a new trial. The supreme court on appeal reversed and remanded the case to the court of civil appeals, stating:

Under the express provision of this rule, the trial court retains jurisdiction over the cause and, thus, plenary power over its judgment until thirty days after the original or amended motion for new trial is overruled. The original or amended motion for new trial is pending before the trial court until it is overruled either by written order or by operation of law at the expiration of forty-five days from the filing thereof. Rule 329b, § 3 and 4. During the pendency of the motion for new trial and the thirty day period following its overruling, the court has the power to vacate, modify, correct, or reform the judgment or to grant a new trial. *Mathes v. Kelton*, 21 Tex.Sup.Ct.J. 424 (June 17, 1978); *Dubert v. Adkins*, 475 S.W.2d 383 (Tex.Civ.App.—Corpus Christi 1971, no writ); *Turner v. Texas Sportservice*, 312 S.W.2d 388 (Tex.Civ.App.—San Antonio 1958, writ ref'd n.r.e.); McDonald, *Texas Civil Practice* § 18.-03 (1971). Reavley and Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L.Rev. 191, 205–206 (1973).

567 S.W.2d at 800.

This court in *Imperial Insurance Co. v. Ellington*, 498 S.W.2d 368 (Tex.Civ.App.—San Antonio 1973, no writ), said:

When a judgment is withdrawn and a new judgment is substituted, if such action takes place within thirty days after the rendition of the first judgment or the order overruling motion for new trial, the action of the trial court is but an exercise of its power to control its judgment; and the times within which steps necessary to the perfection of appeal must be taken are determined by reference to the date of the second judgment.

498 S.W.2d at 370.[2]

A case closely in point is *Mesa Agro v. R. C. Dove & Sons*, 584 S.W.2d 506 (Tex.Civ.

---

1. Most of these cases are jury cases and do not particularly discuss the plenary power of the trial court to control its docket for a period of thirty days after the entry of its judgment.

2. Based on jury findings judgment was entered for plaintiff on March 8, 1972. Defendant filed a motion for new trial on March 17, 1972. On May 1, 1972, the trial court signed an order setting aside its original judgment. By separate order dated May 1, 1972, the court signed

App.—El Paso 1979, writ ref'd n.r.e.). In *Mesa* the trial court entered judgment on the verdict on August 25, 1978. On August 31, 1978, the defendant filed a motion to set aside the judgment. The court granted said motion that same day and ordered the judgment of August 25, 1978, be set aside. On October 2, 1978, the court entered the identical judgment entered on August 25, 1978, except for the date. Appellants complained that this was error since it extended the time for filing the appeal bond. The court held it was not error, stating:

> We do not believe the trial court should be permitted to extend the time for appeal by permitting the late filing of a motion for new trial or a bond or a notice for appeal where required. But, so long as the trial court has plenary power over its judgment and before it becomes final, it may enter, vacate and re-enter any judgment as justice dictates without destroying a right of appeal.

584 S.W.2d at 509.

See also, *Mathes v. Kelton*, 569 S.W.2d 876 (Tex.1978); *A. F. Jones & Sons v. Republic Supply Co.*, 151 Tex. 90, 246 S.W.2d 853 (1952); *First National Bank in Dallas v. Walker*, 544 S.W.2d 778 (Tex.Civ.App.— Dallas 1976, no writ).

Under the authorities hereinabove cited, we hold the trial court did not err in setting aside its order vacating the original judgment and ordering the original judgment reinstated within the thirty-day period after entry of judgment. Appellants' fourth point of error is overruled.

By three points of error, appellants complain that the trial judge erred (a) in appointing his son-in-law as guardian ad litem; (b) in presiding over the cause after such appointment; and (c) in entering judgment in the cause after such appointment.

■ Article 5, section 11, of the Texas Constitution, and Article 15, of the Texas Revised Civil Statutes, essentially provide that no judge shall sit in any case wherein he may be interested or where the parties may be connected with him either by affinity or consanguinity within the third degree, or where he shall have been counsel in the case. It is settled that an attorney is not a party to a suit so as to disqualify the trial judge. *Winston v. Masterson*, 87 Tex. 200, 27 S.W. 768 (1894); *Patton v. Collier*, 13 Tex.Civ.App. 544, 38 S.W. 53 (1896, no writ). This court was faced with the same issue in the recent case of *Martinez v. Martinez*, 608 S.W.2d 719 (1980), wherein we held that an attorney who who was the son-in-law of the trial judge was not disqualified. Furthermore, in *Martinez*, we distinguished that case from the workers' compensation cases in which an attorney has been held to be a party to the suit. *See Indemnity Insurance Co. of North America v. McGee*, 163 Tex. 412, 356 S.W.2d 666 (1962); *Postal Mutual Indemnity Co. v. Ellis*, 140 Tex. 570, 169 S.W.2d 482 (1943). The public policy considerations existing in the workers' compensation cases are not present in this case. The case of *Niles v. Dean*, 363 S.W.2d 317 (Tex.Civ.App.—Beaumont 1962, no writ) is directly in point. In *Niles*, the trial judge appointed his son to represent the defendants cited by publication. At the conclusion of the trial, the judge set attorney's fees for his son for services performed. It was held that the son representing the absent defendants was not a party to the suit, and therefore, judgment was not void. Appellants' first three points of error are overruled.

■ By two points of error appellants assert that there was insufficient evidence that the material sold by Shipman was either delivered or incorporated into appellants' residence. Appellants presented no evidence to support this contention, Mr. Canavati testifying in effect that he did not know whether the material involved was used in the house; and that he worked from 6:00 a. m. to 6:30 p. m. and did not see the Shipman trucks make the delivery. Ship-

a new judgment reducing the plaintiff's recovery by $500. Defendant filed a motion for new trial which was overruled June 22, 1972. The court of civil appeals held that the effect of the two orders of May 1, 1972, was to set aside the judgment of March 8, 1972, and substitute a new judgment in its stead.

man testified that his business is located in San Antonio but that he sells and delivers lumber over South Texas; that the materials are delivered to the work sites by his drivers who take the invoices with them, leaving a copy of the invoice with the customer and bringing one back to the office; that all of his invoices indicate that the materials were delivered; that he received a check in connection with one of the invoices; that the value of the materials shown in the invoices here involved was $5,252.80; and that the invoices were a part of his business records. No findings of fact nor conclusions of law were filed by the trial court and the court's judgment implies all necessary fact findings in support of its judgment. There is sufficient evidence in the record to support the court's findings. Appellants' points of error numbers five and six are overruled.

By their seventh point of error appellants complain that the trial court erred in refusing to grant judgment against Giuseppe Priolo who expressly assumed the obligations of the absent defendant, Eben H. Trevino dba EHT Enterprises. Appellants do not brief this point of error. No reversible error is shown.

All of appellants' points of error have been considered and all are overruled. The judgment of the trial court is affirmed.