# Supreme Court of Texas

---

No. 23-0447

---

Texas Windstorm Insurance Association,

*Petitioner*,

v.

Stephen Pruski,

*Respondent*

---

On Petition for Review from the
Court of Appeals for the Thirteenth District of Texas

---

**Argued February 21, 2024**

JUSTICE LEHRMANN delivered the opinion of the Court.

Texas Insurance Code Section 2210.575(e) provides that a suit against the Texas Windstorm Insurance Association shall be presided over by a district judge appointed by the Judicial Panel on Multidistrict Litigation. The issue presented is whether this statute deprives a district court of subject matter jurisdiction over such a suit when the presiding judge is not appointed by the panel. The court of appeals held that it does and vacated the district court's judgment. We disagree and hold that the panel-appointment requirement, while mandatory, is not

jurisdictional. Thus, although the presiding judge in this case was not appointed by the MDL panel as the statute requires, the district court nevertheless had subject matter jurisdiction over the suit. We reverse the court of appeals' judgment and remand to that court for further proceedings.

## I. Background

Texas Windstorm Insurance Association (TWIA) is a quasi-governmental body that serves as an "insurer of last resort," offering windstorm and hail insurance to residential and commercial property owners in the coastal region of Texas who cannot get this coverage in the regular market due to the risk of catastrophic hurricanes.[1] TWIA's organization, operations, and all related matters are governed by Chapter 2210 of the Texas Insurance Code.

In 2011, after TWIA received over 100,000 claims totaling more than $2.9 billion following Hurricanes Ike and Dolly, the Legislature significantly amended Chapter 2210 to, among other things, modify the process by which suits could be brought against TWIA. Relevant here, the Legislature added Section 2210.575, which provides in pertinent part:

> [T]he claimant may bring an action against [TWIA] in a district court in the county in which the loss that is the subject of the coverage denial occurred. *An action brought under this subsection shall be presided over by a judge*

---

[1] *TWIA Overview*, TEXAS WINDSTORM INSURANCE ASSOCIATION, https://www.twia.org/about-us/overview/#:~:text=HISTORY%20AND%20PUR POSE,insurance%20in%20the%20private%20market (last visited May 9, 2024).

*appointed by the judicial panel on multidistrict litigation designated under Section 74.161 (Judicial Panel on Multidistrict Litigation), Government Code. A judge appointed under this section must be an active judge . . . who is a resident of the county in which the loss that is the basis of the disputed denied coverage occurred or of a first tier coastal county or a second tier coastal county adjacent to the county in which that loss occurred.*

TEX. INS. CODE § 2210.575(e) (emphasis added).[2]

TWIA insured Stephen Pruski's beachfront condominium in Port Aransas against hail and windstorm damage. Pruski filed two claims with TWIA after Hurricane Harvey and a subsequent storm, and TWIA partially accepted and partially denied coverage for both claims. Pruski, proceeding pro se, served TWIA with a notice of intent to sue, *see id.* § 2210.575(a), and subsequently filed suit in Nueces County District Court, seeking damages for TWIA's alleged improper denial of coverage. The case was assigned to the Honorable Sandra Watts of the 117th District Court of Nueces County without appointment by the Judicial Panel on Multidistrict Litigation. Pruski learned of the statutory provision requiring a panel appointment and emailed the court clerk to inquire about it. The clerk responded that a judge would be "electronically assigned," and Pruski took no further action on the issue at that time. Pruski then filed a motion for summary judgment that did not mention the panel-appointment requirement. But at the hearing on

---

[2] Chapter 2210 also limits the issues that may be brought in such a proceeding to (1) whether TWIA's denial of coverage was proper and (2) the amount of damages to which the claimant is entitled. TEX. INS. CODE § 2210.576(a).

the motion, which was the first hearing in the case, Pruski referenced that requirement. The trial court denied the motion.

Pruski subsequently moved to recuse Judge Watts under Texas Rule of Civil Procedure 18b,[3] claiming she was biased and unqualified because, among other reasons, she had not been appointed by the MDL panel. Judge Watts declined to recuse and referred Pruski's motion to the regional administrative judge, who denied it. TWIA then filed a motion for summary judgment, arguing that the damages for which Pruski sought recovery were not covered by his policy as a matter of law. The district court granted the motion and rendered a final, take-nothing judgment for TWIA. Pruski appealed, arguing in part that Judge Watts was not qualified to render judgment because she had not been appointed by the MDL panel.

The court of appeals reversed, holding that a trial judge who is not appointed by the MDL panel is "without authority to render judgment" in a suit under Chapter 2210. 667 S.W.3d 460, 467 (Tex. App.—Corpus Christi–Edinburg 2023). Accordingly, the court held that the district court's judgment was void and remanded with instructions to vacate the judgment. *Id.*

We granted TWIA's petition for review.

## II. Discussion

Under Section 2210.575(e), an action brought against TWIA concerning denied coverage "shall be presided over by a judge appointed

---

[3] Rule 18b enumerates various grounds on which a judge must disqualify or recuse. TEX. R. CIV. P. 18b.

4

by the [MDL] panel." The issue is whether that requirement is jurisdictional, such that a district court lacks the power to hear the case if the judge was not so appointed, rendering any resulting judgment void. *See Engelman Irrigation Dist. v. Shields Bros.*, 514 S.W.3d 746, 750 (Tex. 2017) ("A judgment rendered without subject-matter jurisdiction is void and subject to collateral attack.").

## A. Subject Matter Jurisdiction

A statute can be, and often is, mandatory without being jurisdictional. *See S.C. v. M.B.*, 650 S.W.3d 428, 443 (Tex. 2022) (citing *Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999)). We recently reiterated that classifying a statutory provision as jurisdictional requires "clear legislative intent to that effect." *Id.* at 436 (quoting *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014)). In other words, "[a]bsent a compelling showing to the contrary, we presume that remedies remain intact and that the jurisdiction of a district court—our state's sole court of general jurisdiction—remains undisturbed." *Id.* This precedent is consistent with the modern jurisprudential trend of "reduc[ing] the vulnerability of final judgments to attack on the ground that the tribunal lacked subject matter jurisdiction." *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76 (Tex. 2000) (citation omitted).[4]

---

[4] Before *Dubai Petroleum*, our case law largely characterized the failure to comply with statutory provisions governing statutory causes of action as jurisdictional in nature, such that those provisions "must be complied with in all respects or the action is not maintainable." *Mingus v. Wadley*, 285 S.W. 1084, 1087 (Tex. 1926). In *Dubai Petroleum*, we overruled *Mingus* "to the

As we confirmed in *Crosstex*, we employ statutory-interpretation principles in evaluating whether a statutory requirement is jurisdictional, considering (1) most importantly, the statute's plain meaning; (2) the presence or absence of specific consequences for noncompliance; (3) the purpose of the statute; and (4) the consequences that result from each possible interpretation. 430 S.W.3d at 392. These principles lead us to conclude that Section 2210.575(e)'s requirement that the presiding judge be appointed by the MDL panel is not jurisdictional.

The statute provides that "[a]n action brought under this subsection shall be presided over by a judge appointed by the [MDL] panel." TEX. INS. CODE § 2210.575(e). The court of appeals emphasized the statute's use of "shall" and its corresponding imposition of a mandatory duty. 667 S.W.3d at 464. However, as we explained in *S.C.*, "the commonly used verb 'shall' does not clearly convey exclusive jurisdiction." 650 S.W.3d at 443. If it did, every venue statute would be classified as jurisdictional. *See, e.g.*, TEX. CIV. PRAC. & REM. CODE § 15.002 ("Except as otherwise provided . . . all lawsuits *shall be brought* [in the proper county]." (emphasis added)). The Legislature often uses unequivocal language to make certain statutory requirements jurisdictional, but it chose not to do so here. *See* TEX. GOV'T CODE § 311.034 (providing direction on construing statutes with respect to waiver of sovereign immunity and stating that "[s]tatutory prerequisites

---

extent that it characterized the plaintiff's failure to establish a statutory prerequisite as jurisdictional." 12 S.W.3d at 75.

6

to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity").

Relatedly, Section 2210.575 contains no consequences for failure to obtain an MDL-appointed judge. "[W]hen a statute does not require dismissal for failure to comply, this weighs in favor of a finding that it is not jurisdictional." *Tex. Mut. Ins. Co. v. Chicas*, 593 S.W.3d 284, 289 (Tex. 2019). Indeed, in *Crosstex*, we held that a statutory requirement that a certificate of merit be filed with the plaintiff's original petition in certain suits is not jurisdictional *despite* the fact that the statute mandates dismissal for failure to comply. 430 S.W.3d at 392. Here, not only does Section 2210.575 say nothing about dismissal, but as the court of appeals noted, it provides no guidance on the necessary procedure to obtain an MDL-panel appointment in TWIA suits in the first instance. *See* 667 S.W.3d at 466 (noting that "nothing in § 2210.575 requires Pruski to have explicitly requested that the MDL Panel appoint a judge to initiate the statute's assignment requirement"). We doubt the Legislature nevertheless intended such a draconian consequence for the failure to do so.

Chapter 2210's express purpose, along with the implications of deeming the MDL-panel appointment to be a jurisdictional requirement, further militates against such a construction. The Legislature made express findings that "the provision of adequate windstorm and hail insurance is necessary to the economic welfare of this state" and that TWIA "is intended to serve as a residual insurer of last resort for windstorm and hail insurance in the seacoast territory." TEX. INS. CODE

7

§ 2210.001.[5] The 2011 amendments serve this purpose by streamlining the claims process and *limiting* TWIA's liability exposure. *E.g.*, *id.* § 2210.014(a) ("A person may not bring a private action against [TWIA], including a claim against an agent or representative of [TWIA], under Chapter 541 [bad faith] or 542 [prompt payment of claims]."). If Section 2210.575(e) deprives a district court of jurisdiction over a suit against TWIA unless the judge is appointed by the MDL panel, a great number of judgments will be exposed to collateral attack.[6] This will spur *more* litigation against TWIA and, in turn, expose it to additional costs and potential liability for claims that have already been long resolved. Again, absent a "compelling showing" that the Legislature intended this result, we will not read jurisdictional consequences into a statutory requirement. *S.C.*, 650 S.W.3d at 436.

Finally, amicus counsel appointed by this Court to defend the court of appeals' judgment[7] argues that the judgment is nevertheless void because, under Section 2210.575(e), Judge Watts was "statutorily disqualified" from serving in this case. We disagree. It is true that a

---

[5] The Legislature did not provide an express purpose for its specific addition of Section 2210.575. However, we construe statutory language in context, not in a vacuum. *TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 439 (Tex. 2011) ("We further consider statutes as a whole rather than their isolated provisions.").

[6] Amicus curiae, United Policyholders, submitted a brief "[c]onservatively" estimating that, based on a Lexis search of Texas district court cases involving TWIA and MDL-panel transfers of such cases, more than 3,600 judgments would be open to collateral attack. We do not opine on the accuracy of that estimate, though it appears undisputed that the number is significant.

[7] The Court thanks amicus counsel for his service in this case.

8

"disqualified judge has no power to act in the case" and that a judge's disqualification is thus a nonwaivable jurisdictional issue. *Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 624 (Tex. 2012) (citing *Postal Mut. Indem. Co. v. Ellis*, 169 S.W.2d 482, 484 (Tex. 1943)). However, we cannot agree that the fact that Judge Watts was not appointed by the MDL Panel "disqualified" her from sitting in the case. To the extent that Section 2210.575(e) places substantive limitations on a judge's qualifications to preside over a TWIA suit—that the judge be "an active judge" and "a resident of the county in which the loss that is the basis of the disputed denied coverage occurred or of a first tier coastal county or a second tier coastal county adjacent to the county in which that loss occurred"—there is no dispute that Judge Watts met those qualifications.[8] Certainly, the statutory procedure for assigning a judge in a suit against TWIA was not followed. But again, failure to comply with a statute, while it may render a judgment erroneous and voidable, does not necessarily render the judgment void. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex. 1990) ("A judgment is void only when it is apparent that the court rendering the judgment had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.").

As a court of general jurisdiction, a district court "presumably ha[s] subject matter jurisdiction unless a contrary showing is made." *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220

---

[8] We need not decide whether a judge who does not meet those qualifications would deprive the court of subject matter jurisdiction over a suit against TWIA.

9

(Tex. 2002).[9] For the reasons discussed, no contrary showing was made here.

In sum, nothing in Section 2210.575(e) or Chapter 2210 more generally demonstrates clear legislative intent to deprive a district court of jurisdiction over a suit against TWIA unless the judge is appointed by the MDL panel. Accordingly, the court of appeals erred in holding that Section 2210.575(e) is jurisdictional and that the district court was "without authority" to render judgment in this suit.

## B. Disposition

Our holding that the district court had subject matter jurisdiction does not mean TWIA is entitled to reinstatement of the court's judgment. TWIA does not dispute that Section 2210.575(e) is "mandatory," nor does it dispute that Judge Watts was not appointed by the MDL panel as the statute requires. In the court of appeals, TWIA argued that Pruski waived any complaint that Judge Watts was not appointed by the MDL panel by (1) failing to petition the panel for appointment of a different judge and (2) failing to raise the complaint to Judge Watts until after he filed a motion for summary judgment requesting that she adjudicate the merits of his claims. *See Crosstex*,

---

[9] The court of appeals erroneously started with the opposite presumption—given the statute's mandatory language, the court looked for, and failed to find, an indication that the statute does *not* restrict a trial court's authority. 667 S.W.3d at 464–65. Indeed, the court expressly stated that the presumption that courts of general jurisdiction have subject matter jurisdiction absent a showing to the contrary "does not apply to actions grounded in statute rather than the common law." *Id.* at 465 (citation omitted). That statement directly conflicts with our holding in *Dubai Petroleum*. *See* 12 S.W.3d at 75.

10

430 S.W.3d at 391 (noting that a party may waive a nonjurisdictional statutory requirement by failing to timely object and that, under some circumstances, "substantial invocation of the litigation process may amount to waiver"). Pruski responded that he brought the panel-appointment requirement to the district clerk's attention before Judge Watts was assigned and raised the matter at the summary-judgment hearing prior to any ruling.

The court of appeals held that "[b]ecause nothing in [the statute] requires Pruski to have explicitly requested that the MDL Panel appoint a judge to initiate the statute's assignment requirement, we reject TWIA's contention that Pruski's failure to timely file a request for appointment constituted a waiver of his complaint." 667 S.W.3d at 466–67. Without specifically addressing TWIA's second waiver argument, the court of appeals then concluded that "the presiding judge was without authority to render judgment in this cause." *Id.* at 467.

In this Court, TWIA raises only the issue of whether a district court's judgment in a TWIA suit is void if the judge was not appointed by the MDL panel. Though it passingly refers to the lack of a panel appointment as a "waived issue," TWIA does not ask us to reinstate the judgment on the ground that Pruski waived his complaint by waiting to raise it with Judge Watts until after he filed a motion for summary judgment.[10] Nevertheless, the court of appeals' disposition of this aspect

_____

[10] TWIA states in the Summary of Argument sections of its petition and brief that the court of appeals, by erroneously holding that the judgment is void, "excused a waived issue on appeal." However, TWIA presents no argument and cites no authority in support of its classification of the issue as

11

of TWIA's waiver argument appears to have been influenced by its erroneous holding that the district court lacked subject matter jurisdiction. Pruski, for his part, raises additional issues the court of appeals did not reach in light of its jurisdictional holding. We conclude that the best course is to remand the case to the court of appeals to address those issues, along with TWIA's remaining waiver argument, in the first instance.

### III. Conclusion

Texas Insurance Code Section 2210.575(e) requires that the trial judge presiding over a suit against TWIA be appointed by the MDL panel. While this requirement is mandatory, it is not jurisdictional. Therefore, in this case, the district court did not lack subject matter jurisdiction simply because Judge Watts was not so appointed. We reverse the court of appeals' judgment and remand the case to that court for further proceedings.

Debra H. Lehrmann
Justice

**OPINION DELIVERED:** May 10, 2024

---

waived. *See* TEX. R. APP. P. 55.2(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").